**WEBB COUNTY, et al., Appellants,**

v.

**WEBB COUNTY DEPUTIES ASSOCIATION, et al., Appellees.**

No. 04–88–00270–CV.

Court of Appeals of Texas, San Antonio.

April 28, 1989.

Joseph Casseb and Mary Mishtal, Sawtelle, Goode, Davidson & Troilo, San Anto-

nio, and Alvino "Ben" Morales, Asst. County Atty., Laredo, for appellants.

William F. McQuillen, Elizabeth L. Watson, San Antonio, and Ronald G. DeLord, Austin, for appellees.

Before BUTTS, BIERY and CARR, JJ.

OPINION

CARR, Justice.

This is an appeal from a judgment of the trial court rendered on February 19, 1988. Appellees, The Webb County Deputies Association ("WCDA"), and employees of the Webb County Sheriff's Department filed suit against appellants, Webb County and the Webb County Sheriff's Department, County Judge Andy Ramos and Sheriff Mario Santos seeking a temporary restraining order, injunction and a suit for damages.

Appellees sought the temporary restraining order and injunction to prevent Webb County from altering the work schedule of particular employees of the Sheriff's Department. This work schedule was detailed in a collective bargaining agreement entered into by Webb County, the Webb County Sheriff and the WCDA pursuant to TEX.REV.CIV.STAT.ANN. art. 5154c–1 (Vernon 1987). WCDA also sought to enjoin Webb County from excluding certain certified full-time employees of the Sheriff's Department from the scope of the collective bargaining unit. The scope of the bargaining unit as contained in the collective bargaining agreement covered "all sworn Sheriff's Deputies, jailers, and all other Sheriff's personnel except the Sheriff and his secretary."

The case was tried before the court. Prior to the final decision of the court, the parties entered into an agreement in which all issues in controversy were settled except whether detention officers and jailers (hereinafter detention officers and jailers will be referred to as "Jailers") were considered part of the collective bargaining unit authorized by TEX.REV.CIV.STAT. ANN. art. 5154c–1 (Vernon 1987). This

agreement of the parties was incorporated into the court's judgment.

The trial court ruled that detention officers and jailers employed by Webb County were part of the bargaining unit under TEX.REV.CIV.STAT.ANN. art. 5154c–1 (Vernon 1987) and granted judgment accordingly.

Appellant duly perfected this appeal from that judgment and alleges as its sole point of error that:

THE TRIAL COURT ERRED AS A MATTER OF LAW IN RULING THAT WEBB COUNTY DETENTION OFFICERS AND JAILERS MAY BE INCLUDED IN THE BARGAINING UNIT AUTHORIZED BY TEX.REV.CIV. STAT.ANN. ART. 5154c–1 (VERNON 1987) (THE FIRE AND POLICE EMPLOYEE RELATIONS ACT) BECAUSE JAILERS ARE NOT "POLICEMEN."

The sole question of this appeal is whether detention officers and jailers come within the ambit of the Fire and Police Employee Relations Act, TEX.REV.CIV.STAT. ANN. art. 5154c–1 (Vernon 1987). This is a question of statutory interpretation and legislative intent, specifically of § 3(2) of the Act.

The Fire and Police Employee Relations Act was enacted in 1973 to permit collective bargaining for firefighters and policemen and to prohibit strikes and lockouts by policemen and firefighters. Article 5154c–1 §§ 5(a) and 17(a). Article 5154c–1 applies to policemen and firefighters in cities, towns or political subdivisions which have adopted it. Article 5154c–1 §§ 5(a–d). Once the Act has been adopted, a majority of the firefighters and/or policemen may select an association to function as its exclusive bargaining agent. This association may enter into a collective bargaining agreement on behalf of the policemen/firefighters. Article 5154c–1 §§ 6(a)–(b) and 7(a)–(c). Otherwise, public employees may not collectively bargain. *See* TEX. REV.CIV.STAT.ANN. art. 5154c (Vernon 1987).

Article 5154c–1 defines "policeman" as a "sworn certified full-time paid employee, whether male or female, who regularly serves in a professional law enforcement capacity in a police department of any city, town or other political subdivision within the state...." TEX.REV.CIV.STAT.ANN. art. 5154c–1 § 3(2) (Vernon 1987). Only policemen so defined by the Act may be members of a collective bargaining unit. Any collective bargaining agreement entered into by those not legally authorized by TEX.REV.CIV.STAT.ANN. art. 5154c–1 (Vernon 1987) is void and has no legal effect.

There is no dispute that the jailers in this case are paid full-time employees of the Webb County Sheriff's Department. It is also clear that Webb County, as a political subdivision of the state, is included and covered by the provisions of Article 5154c–1. *Commissioners' Court v. El Paso County Sheriff's Deputies Ass'n,* 620 S.W. 2d 900, 902 (Tex.Civ.App.—El Paso 1981, writ ref'd n.r.e.).

Given the evidence the appellants presented to the trial judge, we find no reversible error in the trial court's decision that, in the instant case, jailers are sworn certified employees who regularly serve in a professional law enforcement capacity. (Appellant Sheriff Mario Santos testified that in Webb County, detention officers and peace officers all carried the classification of deputy sheriffs. Appellant Santos further testified that county jailers serve in a professional law enforcement capacity. Also all deputies, both peace officers and detention officers, are sworn, certified, full-time paid employees acting in a professional law enforcement capacity.)

This brings us to the narrow interpretation of the term "certified" as a disqualifying factor. Appellants argue that since jailers were not required to be certified *in 1973* (when art. 5154c–1 was enacted) the legislature could not have intended jailers in its term "policemen," within the meaning of the Act. (Emphasis added). Appellees argue that in defining who would be covered by the scope of the bargaining unit, the Legislature intentionally used the broad generic term "policeman" instead of the narrow legal term "peace officer" because it intended the scope of the bargaining unit to

be broad, and not just restricted to peace officers.

Appellants refer to TEX.REV.CIV.STAT. ANN. art. 4413 (29aa) *(repealed* 1987), now codified as TEX.GOV'T CODE ANN. § 415.001, *et seq.* (Vernon Supp.1987), which establishes the Texas Commission on Law Enforcement Officer Standards and Education (hereinafter referred to as "TCLEOSE") to set forth legislative intent on the question of "certification." The training and licensing requirements adopted by the Texas Legislature for peace officers and county jailers, both before and after 1973, do not reflect legislative intent as to the scope of a bargaining unit in a sheriff's department under Art. 5154c–1.

The Texas Legislature has had separate statutes for county jailers and sheriff's deputies since the mid–1800's. *See* TEX. REV.CIV.STAT.ANN. art. 6871 *(repealed* 1987), now LOCAL GOV'T CODE ANN. § 85.005 (Vernon Supp.1988) and TEX. REV.CIV.STAT.ANN. art. 6869a *(repealed* 1987), now LOCAL GOV'T CODE ANN. § 85.005 (Vernon Supp.1988). When Article 5154c–1 was adopted in 1973, TEX. REV.CIV.STAT.ANN. art. 4413 (29aa) *(repealed* ), now Chapter 415 of the Texas Government Code, was restricted to "peace officers" as defined by TEX.CODE CRIM. PROC.ANN. art. 2.12 (Vernon Supp.1988). Appellees point out that this clearly indicates that the Texas Legislature had the knowledge and power to distinguish between peace officers and county jailers when creating a new statute. Thus, the Texas Legislature's broad generic definition of the term "policemen" was an intentional act to avoid the legally narrow term "peace officer."

Certification of peace officers and county jailers, and now licensing, has been in constant flux since the 61st Session of the Texas Legislature in 1969, when the Texas Legislature first empowered TCLEOSE to issue mandatory certificates to peace officers. This certification of peace officers, effective September 1, 1970, required TCLEOSE to "[c]ertify persons as being qualified under the provisions of this Act to be peace officers." TEX.REV.CIV.STAT. ANN. art. 4413 (29aa), § 2(c), (ch. 323, § 1, 1969 Tex.Gen.Laws, Local & Spec. 998, 999 *(repealed* 1979) (emphasis added).

The Texas Legislature in 1979 added county jailers to the state's certification provisions by requiring TCLEOSE to "[c]ertify persons as being qualified under the provisions of this Act to be peace officers or to be jailers or guards or county jails." TEX.REV.CIV.STAT.ANN. art. 4413 (29aa), § 2(c), (ch. 599, § 1, 1979 Tex. Gen.Laws, Local & Spec. 1293 *(repealed* 1981) (emphasis added).

In 1981, the Texas Legislature replaced certificates with licenses for both peace officers and county jailers by requiring TCLEOSE to "[i]ssue temporary and permanent *licenses* to persons qualified under the provisions of this Act to be peace officers, jailers, or guards of a county jail, or reserve law enforcement officers." TEX. REV.CIV.STAT.ANN. art. 4413 (29aa), § 2(c) *(repealed* 1987) (emphasis added). The codified Article 4413 (29aa), § 415.051 of the Government Code, states, "... a person may not appoint an officer or county jailer unless the officer or county jailer is *licensed* by the commission." TEX. GOV'T CODE ANN. § 415.051 (Vernon Supp.1987) (emphasis added).

Article 5154c–1 clearly states, "... the provisions of this Act should be liberally construed." TEX.REV.CIV.STAT.ANN. art. 5154c–1, § 2(b)(3) (Vernon 1987).

*At the time of trial* the legislature did require that jailers be licensed (the same as peace officers). TEX.GOV'T CODE ANN. § 415.051 (Vernon Supp.1987) (Emphasis added).

We therefore hold that the trial court did not err in finding, from the evidence presented, that Webb County detention officers and jailers were included in the collective bargaining unit authorized by Article 5154c–1 because these employees meet the criteria set forth in the Act (§ 3(2)) in its definition of "policemen."

The judgment of the trial court is affirmed.