**EL PASO COUNTY SHERIFF'S DEPU-TIES' ASSOCIATION, INC., and Marvin Ryals, President, Appellants,**

v.

**Leo SAMANIEGO in His Official Capacity as El Paso County Sheriff, Appellee.**

No. 08–90–00144–CV.

Court of Appeals of Texas, El Paso.

Jan. 16, 1991.

Rehearing Overruled Feb. 6, 1991.

William J. Ellis, El Paso, for appellants.

Malcolm Harris, El Paso, for appellee.

Before FULLER, WOODARD and KOEHLER, JJ.

## OPINION

WOODARD, Justice.

This is an appeal from a judgment denying a permanent injunction. We affirm.

Appellants allege that the sheriff of El Paso County refused to enter into collective bargaining as mandated by Tex.Rev.Civ. Stat.Ann. art. 5154c-1 (Vernon 1987). Appellants contend that jailers are classified as "police" within the meaning of the act, and that the sheriff refused to negotiate their rights through the jailers' representative, the Appellant Sheriff's Deputies' Association.

Appellants' sole point of error contends the trial court erred in failing to order the sheriff to negotiate.

Article 5154c-1, § 3(2) states "the term 'policeman' means each sworn certified full-time paid employee, whether male or female, who regularly serves in a professional law enforcement capacity in the police department of any city, town, or other political subdivision within the state, with the sole exception of the chief of the department." Though jailers are not peace officers as defined in Tex.Code Crim.Pro. Ann. 2.12 (Vernon 1977 & Supp.1991), they are law enforcement officers as held in this Court's unpublished opinion El Paso County v. Robert Rodriguez, No. 08–90–00059–CV, delivered July 18, 1990. Within the jails, their duties are to maintain order, protect citizens, execute searches and prevent escapes. The jailers, in effect, generally "police" the jails, and enforce the laws against assaultive conduct, theft, drug abuse and other crimes in the jail area. They originally did not come within the purview of Article 5154c-1, § 3(2) because they were not certified, and, therefore, did not meet the definition of "policeman." In 1979, the Texas Legislature added county jailers to the state's certification requirements. *Webb County v. Webb County Deputies Association*, 768 S.W.2d 953 (Tex.App.—San Antonio 1989, no writ). In 1981, the Texas Legislature replaced certificates with licenses for both peace officers and county jailers. *Id.* The purpose of Article 5154c-1 is to prevent strike and unrest that would jeopardize the health, safety and welfare of the public. Although public employees generally do not have the right to strike, collective and willful absenteeism and willful failure to fully perform or properly perform their duties is not unknown. Jail riots, assaults and escapes are potential hazards to the public. Section 2(3) of the Act provides for a liberal construction of the Act toward the high morale and efficient operations of the department, when the right of strike is prohibited. Although in *Webb County* it was argued the legislature could not have intended jailers to be included in the term "policeman" in 1973 when it enacted Article 5154c-1, as jailers were not required to be certified. However, the legislature, by subsequently grouping and requiring licensing of deputies and jailers with an expressed intent to mutually exclude drug users, criminals, people with psychological and emotional health problems [Tex.Gov't Code Ann. 415.-051 (Vernon 1990)] and by providing

through the Commission on Law Enforcement mandatory educational requirements for each in Tex.Gov't Code Ann. 415.001 et seq., (although there is a difference in the number of hours required and type of examination due to the nature of specialization) indicated an intention that the subsequent statutes to Article 5154c–1 should be construed in pari materia to the overall objective of the legislature to promote high morale and efficient operations of law enforcement and public safety, and therefore intended to place the jailers within the provisions of Article 5154c–1. *Texas State Board of Pharmacy v. Kittman*, 550 S.W.2d 104 (Tex.Civ.App.—Tyler 1977, no writ). The trial judge found in his findings of fact and conclusions of law that there was no proof that the association was a representative of the jailers. Article 5154c–1, § 6(b) provides:

> An association selected by a majority of the sworn certified full-time paid policemen of a police department in any city, town, or other political subdivision, excluding the chief of the department, shall be recognized by the public employer as the sole and exclusive bargaining agent for all of the policemen of that department, unless and until recognition of such association is withdrawn by a majority of those policemen.

Section 6(c) of that statute provides for an election and possible arbitration in the event of a question as to whether an association is a majority representative of the employees in a department.

■ The Appellant's petition states it is the representative for all deputies and has the authority to pursue this action in order to protect the rights of all members under contract. No verified denial of capacity to bring suit was made by the Appellee pursuant to Tex.R.Civ.P. 93. "Capacity" is the "standing" of a party to assert or defend the action before the court. The question of "agency" goes to the merits of the case. *Navistar International Corporation v. Valles*, 740 S.W.2d 4 (Tex.App.—El Paso 1987, no writ). A verified denial of agency was not required, and agency was not established as a matter of law. Id.

The name of the association is the El Paso Sheriff's Deputies' Association, Inc.

There is no representation of the jailers by the association in prior agreements with the sheriff. There is no inference or proof before the court that the association was the proper bargaining agent for members that included the jailers. There was testimony that there is approximately 172 deputies and approximately 240 detention officers. The majority of detention officers belong to the association. This still leaves the possibility that the control of the organization is vested with the deputies, and there is no evidence that the jailers participated, or were offered the opportunity to participate, in the selection of the organization as their bargaining agent. The fact that they are late comers to be included in the definition of "police" under the article in question and as presently elucidated by this opinion, is some implication to the contrary. Article 5154c–1, § 6(c) provides for an election if there is a question as to whether or not an association is the majority representative of the employees in a department. The sheriff was not asked the reason he refused to negotiate. This may have been his reason, and it certainly was a reason the trial court denied the injunction.

■ It is further contended by the Appellee that the sheriff is the wrong party to the action as Article 5154c–1, § 3(3) defines "public employer" to be the one whose duty is to establish the wages, salaries, rates of pay, hours, working conditions and other terms and conditions of employment. Commissioner's court has the exclusive duty to govern monetary matters. Tex.Local Gov't Code Ann. 152.011 (Vernon 1988). The sheriff is responsible for the hiring and firing of the deputies allotted him, and the official acts of those deputies. *Samaniego v. Arguelles*, 737 S.W.2d 88 (Tex.App.—El Paso 1987, no writ). The sheriff is the proper party for collective bargaining on the matters he controls.

The trial court did not abuse its discretion in denying the injunction. The point of error is overruled.

The trial court's judgment is affirmed.