**CITY OF SAN ANTONIO & Alex Briseno, Appellants,**

v.

**SAN ANTONIO PARK RANGERS ASSOCIATION, Appellees.**

No. 04–91–00531–CV.

Court of Appeals of Texas, San Antonio.

Nov. 25, 1992.

Rehearing Denied April 16, 1993.

Paula Dlugosz, Steven W. Arronge, Asst. City Attys., San Antonio, for appellants.

Richard Aman, CLEAT Staff Atty., Houston, for appellees.

Before REEVES, C.J., and CARR and GARCIA, JJ.

## OPINION

REEVES, Chief Justice.

This appeal challenges a mandamus issued by a district court judge which compels the city of San Antonio, through its city manager, to bargain collectively with its Park Rangers.

## FACTS

Generally, it is against Texas public policy for any official or group of officials of the State or other political subdivision of the State to enter into a collective bargaining contract with a labor organization respecting the wages, hours, or conditions of employment of public employees. TEX.REV. CIV.STAT.ANN. art. 5154c (Vernon 1987). Firefighters and policemen, however, have the right to organize and bargain collectively with their public employer as to wages, hours, working conditions, and all other terms and conditions of employment if their city, town, or political subdivision adopts the Fire and Police Employee Relations Act. TEX.REV.CIV.STAT.ANN. art. 5154c–1, § 5(a) (Vernon 1987). The city of San Antonio adopted the Fire and Police Employee Relations Act by election on December 18, 1974 thereby giving San Anto-nio policemen the right to bargain collectively with the city.

The President of the San Antonio Park Rangers Association (Association) gave the San Antonio city manager written notice of the Association's intent to bargain collectively with the city on October 18, 1990. The City responded by letter on February 18, 1991 that they were prohibited from entering into negotiations with the Association because the Association was not entitled to enter into collective bargaining with the City. Consequently, the Association filed a Petition for Writ of Mandamus to compel the City of San Antonio and its city manager to bargain collectively with the Association pursuant to article 5154c–1 of the Revised Civil Statutes. A writ of mandamus was issued by a district court judge after he considered testimony and documentary evidence. This appeal followed.

## STATUTORY INTERPRETATION

Appellant asserts that the trial court erred in holding that Park Rangers have collective bargaining rights because this conclusion ignores the plain language of article 5154c–1 of the Revised Civil Statutes (Fire & Police Employee Relations Act or the Act).

The trial judge concluded as a matter of law that San Antonio Park Rangers are policemen who are entitled to bargain collectively with the City of San Antonio under the authority of article 5154c–1 of the Revised Civil Statutes. Conclusions of law are always reviewable by appellate courts. *Middleton v. Kawasaki Steel Corp.*, 687 S.W.2d 42, 44 (Tex.App.—Houston [14th Dist.] 1985), *writ ref'd n.r.e.*, 699 S.W.2d 199 (Tex.1985). The underlying question we must answer is whether Park Rangers are policemen within the meaning of article 5154c–1 of the Revised Civil Statutes.

Upon the adoption of article 5154c–1 of the Revised Civil Statutes by any city, "policemen" shall have the right to organize and bargain collectively with their public employer as to wages, hours, working conditions, and all other terms and conditions

of employment. TEX.REV.CIV.STAT.ANN. art. 5154c–1, § 5(a) (Vernon 1987). Whether San Antonio Park Rangers are entitled to bargain collectively pursuant to article 5154c–1 of the Revised Civil Statutes depends upon the statutory construction of the Act's definition of "policemen": "The term 'policemen' means each sworn certified full-time paid employee, whether male or female, who regularly serves in a professional law enforcement capacity in the police department of any city, town, or other political subdivision within the state, with the sole exception of the chief of the department." TEX.REV.CIV.STAT.ANN. art. 5154c–1, § 3(2) (Vernon 1987).

We have reviewed the entire record including the statement of facts, the transcript, and exhibits. Uncontested testimony was admitted which shows that San Antonio Park Rangers are sworn certified full-time paid employees. The contested issue is whether Park Rangers regularly serve in a professional law enforcement capacity and whether the statutory language "in the police department" excludes Park Rangers since the San Antonio Park Rangers Department is a separate entity from the San Antonio Police Department.

First, we consider whether the record supports the trial court's finding that San Antonio Park Rangers serve in a professional law enforcement capacity. San Antonio Park Rangers are commissioned peace officers because they meet the minimum standards outlined in the Rules and Regulations of the Texas Commission Law Enforcement Officer Standards and Education. San Antonio, Tex., Ordinance 27,-051 (Oct. 30, 1958); San Antonio, Tex., Ordinance 45,868 (Oct. 23, 1975). Park Rangers are part of the Department of Parks and Recreation instead of the San Antonio Police Department. The Department is run by a director who implements policies, functions, and areas of responsibility and operational procedures with the concurrence of the City Manager, City Attorney, City's Director of Personnel, and the Chief of the San Antonio Police Department. Ordinance 45,868.

Park Rangers function in the following ways: (1) assist visitors to and users of City parks and recreation facilities by providing information and related assistance; (2) provide for the safety and security of visitors to and users of City parks and recreation facilities and protection of public parks and recreation property and facilities; (3) assist the San Antonio Police Department as needed and as requested; and (4) carry out such law enforcement responsibilities as are commensurate with their status as commissioned peace officers. Ordinance 45,868.

During duty hours, the Park Rangers' physical areas of responsibility are confined to city parks, streets, roads, Department recreational facilities, and parking lots therein. Ordinance 45,868. Their law enforcement actions are limited to these areas although this does not imply a limitation on the inherent law enforcement responsibility of a commissioned peace officer. Ordinance 45,868.

Procedures for arrest/detention, booking, and investigative responsibilities and related subsequent follow-up actions must be jointly established by the Directors of the Parks and Recreation Department and the Police Department. Additionally, their reporting procedures must be compatible with current Police Department's data collection system. Ordinance 45,868.

Park Rangers must carry weapons while on official duty and while traveling to and from the place of residence. Ordinance 45,868. Park Rangers were appointed as peace officers and were authorized to carry arms for the purpose of vesting them with the powers necessary "to carry out their duties as law enforcement officers." Ordinance 27,051. They enforce local and state ordinances.

While testimony supports a finding that Park Rangers do not issue as many citations or prosecute as many ordinance violations as the Police Department, we find the evidence overwhelming that Park Rangers regularly serve in a professional law enforcement capacity.

We consider next whether the statutory language "in the police department" in-

cludes Park Rangers since the San Antonio Park Rangers Department is a separate entity from the San Antonio Police Department. We will construe liberally this Act to achieve its purpose and to promote justice. TEX.REV.CIV.STAT.ANN. art. 5154c–1, § 2(b)(3) (Vernon 1987); TEX.GOV'T.CODE ANN. § 312.006(a) (Vernon 1988). Additionally, we will give words their ordinary meaning. GOV'T.CODE § 312.002(a). All attempts will be made to ascertain legislative intent and to consider at all times the old law, the evil, and the remedy. GOV'T.CODE § 312.005.

In order to ascertain legislative intent, we have reviewed subcommittee testimony before the Texas House of Representatives which considered the bill for the Fire & Police Employee Relations Act. *The Fire and Police Employee Relations Act: Hearings on Tex.H.B. 185 Before the House Subcommittee*, 63d Leg. (January 26, 1973) (hereinafter H.B. 185 Hearing). We find testimony before the subcommittee informative as to whether the Fire & Police Employee Relations Act gives San Antonio Park Rangers the right to bargain collectively.

The author of the bill, Charles J. Morris, testified that the Texas Policeman's Association and the Texas Firefighter's Association hired him to draft this bill. He stated that the bill gives persons employed by the State in a protective services capacity the ability to bargain collectively. The bill's purpose, as articulated by the author, would seem to include Park Rangers at first blush. Further testimony, however, negates this presumption.

Alex Bickley, the Dallas City Attorney, spoke in opposition to the Act. His opposition centered around inconsistencies in the bill. In prior testimony, Charles J. Morris stated that the bill should be mandatory rather than permissive to avoid an equal protection constitutional problem. The following dialogue ensued.

BICKLEY: I assume that same argument of unconstitutionality would also apply if a bill like this were passed and giving these benefits, assuming they are, to the firemen and policemen and not giving them to all the rest of the employees. I assume it would also apply if you say it's for these that are in the protective services and you do it for the policemen in the city but you don't do it for the sheriff's office because they are exactly in the same line of work. Or you don't do it for the Department of Public Safety or the Rangers or others that are in the same line of work. The bill doesn't say this. And so I don't see why if it's for those ... and it has some great language in it because it talks about the need to lessen strife and unrest with consequent injury to the health, safety and welfare of the public by giving this bill. With this being so it ought to apply to the others.

NICHOLS (Subcommittee Chairman): We are trying to be consistent with [the bill]. The gentlemen who happened to draft the bill drafted it for a group of people that were sincere and asked that the bill be drafted. If they other people were interested in being included in the bill they should have been sincere and came along and asked to be included in the bill. If they wish to do this tomorrow I think the author of this bill would also draft a bill that would include them. They could come down maybe and we could get an amendment on this bill to include them. If you would desire to contact them and ask them to have an ... amendment to this ...

BICKLEY: Mr. Nichols I assume what you are doing is passing legislation which is for the good of the state. And the mere fact they don't ask to be in it is not necessarily the criteria of what's good and what's bad.

This dialogue shows us that the Texas legislature limited this bill to include only firemen and city policemen instead of all protective service employees. The bill was not amended subsequently to include other protective service employees.

In interpreting the language defining "policemen" in article 5154c–1, we hold that "in the police department" excludes San Antonio Park Rangers. The ordinary meaning of the term "the" connotes a sin-

gular entity. The San Antonio Park Rangers Department is a separate entity from the San Antonio Police Department. Therefore, "the police department" must mean the San Antonio Police Department but not the San Antonio Park Rangers. Legislative history supports this interpretation.

*Webb County v. Webb County Deputies Ass'n,* 768 S.W.2d 953 (Tex.App.—San Antonio 1989, no writ) is distinguishable. In *Webb County* the right to bargain collectively was not raised or questioned. The only question on appeal was whether detention officers and jailers were included in the existing collective bargaining unit. The question on appeal in the case at hand is whether San Antonio Park Rangers can bargain collectively.

We hold that as a matter of law the San Antonio Park Rangers have no collective bargaining rights under article 5154c–1 of the Revised Civil Statutes. This cause is reversed and we dissolve the writ of mandamus. It is not necessary that we address appellant's other points of error.

GARCIA, Justice, concurring.

I concur in the result. However, I do not agree that we should base our decision on the brief legislative subcommittee testimony cited by the majority. The intent of the legislative in enacting a statute is best ascertained from the entire history and the entire act. *See Calvert v. Tex. Pipe Line Co.,* 517 S.W.2d 777 (Tex.1974).

No one can dispute that city park rangers serve in a law enforcement capacity and that they render a valuable service to the community while risking their own safety. However, after a careful review of the act, the legislature appears not to have meant to include any other law enforcement personnel outside of a city's police department. *See* TEX.REV.CIV.STAT.ANN. art. 5154c, § 1 (Vernon 1987). This disparity in treatment may be the basis of a legal challenge, which was not before the court.