

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

August 25, 2004

The Honorable Susan D. Reed
Bexar County Criminal District Attorney
Bexar County Justice Center
300 Dolorosa, Fifth Floor
San Antonio, Texas 78205-3030

Opinion No. GA-0238

Re: Whether deputy sheriffs are "police officers" for purposes of Local Government Code chapter 174, The Fire and Police Employee Relations Act (RQ-0189-GA)

Dear Ms. Reed:

You ask whether deputy sheriffs are "police officers" for purposes of Local Government Code chapter 174, The Fire and Police Employee Relations Act, TEX. LOC. GOV'T CODE ANN. §§ 174.001-.253 (Vernon 1999 & Supp. 2004); see also id. § 174.001 (Vernon 1999) (short title).[1]

The legislature enacted the statutory predecessor to chapter 174, former article 5154c-1, in 1973[2] and then repealed and codified the former law in the Local Government Code without substantive change in 1993.[3] Chapter 174 provides fire fighters and police officers with the right to organize for collective bargaining. See id. §§ 174.002(b), .023. A political subdivision is subject to chapter 174 if (i) its governing body receives a petition to order an election for chapter 174's adoption for fire fighters, police officers, or both and (ii) a majority of the voters subsequently approve chapter 174's adoption at the election. See id. §§ 174.051-.052. On chapter 174's adoption by a political subdivision, "fire fighters, police officers, or both are entitled to organize and bargain collectively with their public employer regarding compensation, hours, and other conditions of employment." Id. § 174.023.

---

[1]Letter from Honorable Susan D. Reed, Bexar County Criminal District Attorney, to Honorable Greg Abbott, Texas Attorney General (Mar. 2, 2004) (on file with Opinion Committee, also available at http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]See Act of Apr. 25, 1973, 63d Leg., R.S., ch. 81, 1973 Tex. Gen. Laws 151.

[3]See Act of May 12, 1993, 73d Leg., R.S., ch. 269, §§ 4 (adopting Local Government Code chapter 174), 5 (repealing former article 5154c-1), 6 ("This Act is intended as a recodification only, and no substantive change in the law is intended by this Act."), 1993 Tex. Gen. Laws 987, 1263, 1273.

You explain that the Deputy Sheriff's Association of Bexar County presented a petition to the Bexar County Commissioners Court to conduct an election to determine whether deputy sheriffs "shall be entitled to collectively bargain with the County." Request Letter, *supra* note 1, at 1. The commissioners court called an election for May 15, 2004, *see id.*, at which a majority of the voters voted to adopt chapter 174. *See* Bexar County Elections Dep't–Past Election Report Files, *available at* http://www.bexar.org/election/Past_Election_Report_Files/past_election_report_files.html. You ask whether deputy sheriffs are "police officers" entitled to collectively bargain under Local Government Code chapter 174. *See* Request Letter, *supra* note 1, at 1.

Section 174.003 defines the term "police officer" to mean "a paid employee who is sworn, certified, and full-time, and who regularly serves in a professional law enforcement capacity in the police department of a political subdivision. The term does not include the chief of the department." TEX. LOC. GOV'T CODE ANN. § 174.003(3) (Vernon Supp. 2004). With respect to the term "political subdivision," section 174.003(4) merely provides that the term "includes a municipality." *Id.* § 174.003(4). The term "public employer" means

> the official or group of officials of a political subdivision whose duty is to establish the compensation, hours, and other conditions of employment of fire fighters, police officers, or both, and may include the mayor, city manager, town manager, town administrator, municipal governing body, director of personnel, personnel board, commissioners, or another official or combination of those persons.

*Id.* § 174.003(5). In addition, section 174.004 provides that "[t]his chapter shall be liberally construed." *Id.* § 174.004 (Vernon 1999).

Section 174.003's definitions do not expressly include deputy sheriffs within the meaning of "police officer" or counties within the meaning of "political subdivision." *See id.* § 174.003(3)-(4) (Vernon Supp. 2004). As you note, however, several courts have concluded that chapter 174 applies to counties and county law enforcement officers.

In 1981, the first court to consider the question held that chapter 174's statutory predecessor, former article 5154c-1, applied to deputy sheriffs. *See Comm'rs Ct. of El Paso County v. El Paso County Sheriff's Deputies Ass'n*, 620 S.W.2d 900, 901 (Tex. Civ. App.–El Paso 1981, writ ref'd n.r.e.). Much like chapter 174, the former law applied to "each sworn certified full-time paid employee, whether male or female, who regularly serves in a professional law enforcement capacity in the police department of any city, town, or other political subdivision within the state, with the sole exception of the chief of the department."[4] Noting that the evidence established that the deputy sheriffs were sworn and certified and served in a professional law enforcement capacity, that counties are political subdivisions under Texas law, and that the statute calls for a liberal

---

[4]*See* Act of Apr. 25, 1973, 63d Leg., R.S., ch. 81, § 3, 1973 Tex. Gen. Laws 151, 152 (adopting article 5154c-1, section 3(2) defining "policeman").

construction, *see id.* at 901-02, the court determined that "it must be concluded that deputy sheriffs and their public employer, counties, are included and covered by the Act," *id.* at 902. The court expressly considered and disapproved Attorney General Opinion H-918 (1976), which had concluded that former article 5154c-1 did not apply to sheriffs' departments. *See id.* ("The reasoning and lack of authorities in that opinion leaves us unpersuaded.").

In addition, two subsequent cases, *Webb County v. Webb County Deputies Ass'n*, 768 S.W.2d 953 (Tex. App.–San Antonio 1989, no writ), and *El Paso County Sheriff's Deputies' Ass'n v. Samaniego*, 803 S.W.2d 435 (Tex. App.–El Paso 1991, no writ), concluded that former article 5154c-1 applied to county-employed detention officers and jailers who were sworn, certified, and serving in a professional law enforcement capacity. *See Webb County*, 768 S.W.2d at 955, *Samaniego*, 803 S.W.2d at 437. The former law's 1993 repeal and codification has not affected these holdings. *See Lee v. El Paso County*, 965 S.W.2d 668, 672 n.14 (Tex. App.–El Paso 1998, pet. denied) ("In 1973, the Legislature granted fire fighters and police officers the right to collectively bargain and organize. The newest version of the statute, the Fire and Police Employees Relations Act . . . allows fire fighters and police officers to form an association to represent them in negotiations and disputes between them and their public employers. Although sheriffs and officers of sheriff's departments are not specifically covered by the Act, this court has interpreted the Act to include sheriff's departments.").

You suggest, however, that a more recent case construing former article 5154c-1, *City of San Antonio v. San Antonio Park Rangers Ass'n*, 850 S.W.2d 189 (Tex. App.–San Antonio 1992, writ denied), indicates that chapter 174 does not apply to counties and deputy sheriffs. In *San Antonio Park Rangers Ass'n*, the court considered whether city park rangers were entitled to collectively bargain under former article 5154c-1. The court concluded that the park rangers were not subject to the statute because they were not employed by the city's police department and therefore did not fall within the statutory definition's scope:

> [W]e hold that "in the police department" excludes San Antonio Park Rangers. The ordinary meaning of the term "the" connotes a singular entity. The San Antonio Park Rangers Department is a separate entity from the San Antonio Police Department. Therefore, "the police department" must mean the San Antonio Police Department but not the San Antonio Park Rangers.

*San Antonio Park Rangers Ass'n*, 850 S.W.2d at 192-93.

We disagree that *San Antonio Park Rangers Ass'n* is dispositive here. While the court cited legislative testimony from the former law's 1973 enactment suggesting that the legislature may not have intended the statute to apply to a sheriff's office, *see id.* at 192, the issue whether the former law applied to counties or deputy sheriffs was not before the court. This office is bound by the court decisions that address the issue and directly hold that former article 5154c-1 applies to counties, deputy sheriffs, and other county law enforcement officers. Moreover, in the years since the first

such court holding in 1981, no court has disagreed with these holdings,[5] nor has the legislature acted to amend former article 5154c-1 or chapter 174 to exclude counties or deputy sheriffs from the law's scope. Accordingly, we must conclude that chapter 174 of the Local Government Code applies to counties and deputy sheriffs and that deputy sheriffs are "police officers" within its scope.

---

[5]In *San Antonio Park Rangers Ass'n*, the court distinguished *Webb County* on the basis that the only question on appeal in that case was whether Webb County detention officers and jailers were included in the existing collective bargaining unit for deputy sheriffs. *See San Antonio Park Rangers Ass'n*, 850 S.W.2d at 193. The court did not disapprove of the holding in *Webb County* or the other cases that former article 5154c-1 applies to counties or deputy sheriffs.

## S U M M A R Y

Chapter 174 of the Local Government Code, The Fire and Police Employee Relations Act, applies to counties and deputy sheriffs. Deputy sheriffs are "police officers" under the Act.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee