ACCEPTED
13-14-00188-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
10/28/2015 9:45:49 AM
Dorian E. Ramirez
CLERK

## NO. 13-14-00188-CV

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
10/28/2015 9:45:49 AM
DORIAN E. RAMIREZ
Clerk

IN THE COURT OF APPEALS
13TH DISTRICT OF TEXAS
at CORPUS CHRISTI, TEXAS

**JEFFERSON COUNTY CONSTABLES ASSOCIATION, Appellant**

**VS.**

**JEFFERSON COUNTY, TEXAS, Appellees**

On Appeal from the 60th Judicial District Court, Jefferson County, Texas
Trial Court Cause No. B-191,390

## APPELLANT'S REPLY BRIEF TO
## APPELLEE'S SUPPLEMENTAL BRIEF

BRADLEY, STEELE & PIERCE L.L.P.
Lance P. Bradley
State Bar No. 02826650
3120 Central Mall Drive
Port Arthur, Texas 77642
(409) 724-6644 –Telephone
(409) 724-7585 –Telecopier
lbradley@bradlaw.net –Email

**Counsel for Jefferson County Constables Association**

1

## Identity of Parties and Counsel

| Appellant:<br>Counsel: | Appellant/Defendant's Appellate |
|---|---|
| Jefferson County Constables<br>Association | Lance P. Bradley<br>State Bar No. 02826650<br>Bradley, Steele & Pierce, LLP<br>3120 Central Mall Drive<br>Port Arthur, Texas 77642<br>(409) 724-6644 –Telephone<br>(409) 724-7585 –Telecopier<br>Email: lbradley@bradlaw.net |
| Appellee/Plaintiff:<br>Counsel: | Appellee/Plaintiffs' Appellate |
| Jefferson County, Texas | Phillip Babin<br>Kathleen Kennedy<br>Assistant District Attorneys of<br>Jefferson County, Texas<br>1001 Pearl Street<br>Beaumont, Texas 77710<br>(409) 835-8550 –Telephone<br>(409) 784-5893 –Telecopier |

# TABLE OF CONTENTS

IDENTITY OF PARTIES                                    2

TABLE OF CONTENTS                                      3

TABLE OF AUTHORITIES                                   4

SUPPLEMENTAL STATEMENT OF THE CASE,                    6
FACTS, AND SUMMARY OF THE ARGUMENT

SUPPLEMENTAL ARGUMENT                                  6

THIS COURT SHOULD NOT CONSIDER APPELLEE'S              7
SUPPLEMENTAL BRIEF BECAUSE IT RAISES FOR
THE FIRST TIME AN ISSUE IT FAILED TO RAISE
BEFORE THE ARBITRATOR, THE TRIAL COURT, AND
IN ITS INTIAL BRIEF

APPELLEE HAD AUTHORITY TO ENTER INTO THE               10
COLLECTIVE BARGAINING AGREEMENT WITH
APPELLANT DEPUTY CONSTABLES ASSOCIATION

CONCLUSION                                             15

# TABLE OF AUTHORITIES

**Constitution**

**Tex. Const. Art. V, Sections 18 and 24……………………………………….14**

**Statutes**

**Local Gov't Code, Chapter 174………………………………………….10**

**Tex. Local Gov't Code Section 86.021............................................ ....14**

**Cases**

***Bomer v. Ector County Comm'rs Court*, 676 S.W.2d 662 (Tex. App. 8th Dist. – El Paso 1984)...............................................................................14**

***Campbell v. State*, 85 S.W.3d 176, 184-185 (Texas 2002)…..…………….7**

***City of San Antonio v. San Antonio Park Rangers Ass'n*, 850 S.W.2d 189 (Tex. App. – San Antonio 1992, writ denied)……………………...11,14**

***Commissioners' Court of El Paso County v. El Paso County Sheriff's Deputies Assoc.*, 620 S.W.2d 900 (Tex. App. 8th Dist. El Paso 1981……12**

***Flack-Batie v. Cimmarron*, 2013 Tex. App. LEXIS 1073 2013 WL 485750 (Tex. App. 5th Dist. – Dallas, Feb. 6, 2013)……………………..7**

***In re El Paso County Comm'rs Court*, 281 S.W.3d 16, 22 (Tex. App. 8th Dist – El Paso 2005)....................................................................... 9,14**

***Merritt v. Harris County*, 775 S.W.2d 17, 23 (Tex. App. 14th Dist. – Houston 1989)………………………………………………………….14**

***Schwenke v. State*, 960 S.W.2d 227 (Tex. App. 13th Dist. – Corpus Christi 1997)……………………………………………………………13**

***Webb County v. Webb County Deputies Assoc.***, **768 S.W.2d 953 (Tex. App. 4th Dist. – San Antonio 1989)**..........................................................**13,14**

***Wolff v. Deputy Constables Association of Bexar County,*** **441 S.W.3d 362 (Tex. App. 4th Dist. – San Antonio 2013)**……………........**6, 7, 9, 10, 11, 13**

**SUPPLEMENTAL STATEMENT OF THE CASE, FACTS, AND SUMMARY OF THE ARGUMENT**

Appellant adopts its previously filed briefs except to show that the issues raised in Appellee's supplemental Brief are untimely and without merit. Appellee Jefferson County had legal authority to enter into the subject collective bargaining agreement. Consequently, appellants have standing to collectively bargain and the arbitrator had jurisdiction to render an opinion on the application of the collective bargaining agreement.

**SUPPLEMENTAL ARGUMENT**

Appellant addresses herein solely the Supplemental Brief filed by Appellee Jefferson County that raises for the first time (not before the arbitrator, not in the trial court, and not in its initial Brief) the question of the county's authority to enter into a collective bargaining agreement. It does this now even though it had voluntarily negotiated with appellant and then acted for four years under the subject collective bargaining agreement. This is far too late a time to raise this issue.

In any event, *Wolff v. Deputy Constables Association of Bexar County,* 441 S.W.3d 362 (Tex. App. 4th Dist. – San Antonio 2013), the case appellee now relies upon for the first time, was wrongly decided

and distorts the meaning and intent of Local Gov't Code Sections 174.003 and 174.023. Deputy constables clearly are "police officers" within the meaning of Section 174.023 entitled to collective bargaining.

**THIS COURT SHOULD NOT CONSIDER APPELLEE'S SUPPLEMENTAL BRIEF BECAUSE IT RAISES FOR THE FIRST TIME AN ISSUE IT FAILED TO RAISE BEFORE THE ARBITRATOR, THE TRIAL COURT, AND IN ITS INITIAL BRIEF.**

*Wolff v. Deputy Constables Association of Bexar County,* 441 S.W.3d 362 (Tex. App. 4th Dist. – San Antonio 2013), was decided in 2013, prior to the trial court's decision in this case and prior to appellee's initial brief. Yet appellee never raised the issue of its authority to enter into the collective bargaining agreement before the arbitrator, in the trial court, or in its initial brief.

Appellee offers no good cause for raising this issue at this late date in a supplemental brief in this court. Nor does appellee explain how it avoids the dictates of Appellate Rule 33 which provides that an issue must first be raised in the trial court before it can be brought to the Court of Appeals. See *Campbell v. State*, 85 S.W.3d 176, 184-185 (Texas 2002). The law is clear that "Additional issues raised only in a reply brief or post-submission brief will not be considered because they are untimely." *Flack-Batie v. Cimmarron,* 2013 Tex. App. LEXIS 1073,

7

2013 WL 485750 (Tex. App. 5th dist. – Dallas, Feb. 6, 2013) (submission of supplemental brief denied where it raised new issues).

Appellee improperly casts its new issue as a question of appellant's lack of standing to bargain collectively and the arbitrator's supposed lack of jurisdiction to render any decision. Yet appellee is actually challenging its own right to voluntarily enter into the collective bargaining agreement that is the subject of this action; the agreement that appellee first negotiated and then acted under for four (4) years from October of 2007 through September of 2011.

This is not an issue of standing or jurisdiction. Rather, it is whether appellee can at this late date claim that four years of collective bargaining was void *ab initio*. Appellee offers no basis for this Court to hold that appellee could under no circumstances have entered into the collective bargaining agreement. While Section 174.023 gives "police officers" the right to bargain collectively with their political subdivision, nothing in that section or any other law would prevent a county from choosing on its own to collectively bargain with its deputy constables. Appellee fails to address its implied authority and inherent power to contract to accomplish legitimate purposes.

In *In re El Paso County Comm'rs Court,* 281 S.W.3d 16, 22 (Tex. App. 8th dist. – El Paso 2005), the court addressed the powers of a county commissioners court:

> The Texas constitution provides that the commissioners court "shall exercise such powers and jurisdiction over all county business as is conferred by this Constitution and the laws of the State, or as may be hereafter prescribed" ...Thus, the Texas Constitution establishes the Commissioners Court as the county's principal governing body...The powers and duties of the Commissioners Courts include aspects of legislative, executive, administrative, and judicial functions...In the exercise of its powers and jurisdiction over county business, the commissioners court has implied authority to exercise broad discretion to accomplish the purposes intended...."

Under these circumstances, this court need not even consider the issue first raised in appellee's Supplemental Brief. However, if this court decides to address the issue of the county's authority to enter into a collective bargaining agreement with the county's deputy constables under Section 174.023, then it will become evident that appellee's reliance on *Wolff v. Deputy Constables Association of Bexar County,* 441 S.W.3d 362 (Tex. App. 4th Dist. – San Antonio 2013), is misplaced because that ruling was simply wrong.

**APPELLEE HAD AUTHORITY TO ENTER INTO THE COLLECTIVE BARGAINING AGREEMENT WITH APPELLANT DEPUTY CONSTABLES ASSOCIATION**

Appellee's Supplemental Brief focuses solely on the decision in *Wolff v. Deputy Constables Association of Bexar County,* 441 S.W.3d 362 (Tex. App. 4th Dist. – San Antonio 2013). Appellee now argues, based upon *Wolff,* that "only firemen and city policemen" are entitled to collective bargaining under the Local Gov't Code, Chapter 174. Thus, it is now appellee's position that because deputy constables supposedly do not meet the definition of "police officer" (because they do not serve in a "police department"), the collective bargaining agreement between appellee and appellant is void and unenforceable. The Fourth District erred in its analysis in *Wolff* and appellee's argument is equally flawed.

*Wolff v. Deputy Constables Association of Bexar County* recognized that under Section 174.023 of the Texas Local Government Code, "police officers" in a political subdivision that have adopted Chapter 174 have the right to organize and bargain collectively. The court then focused on the definition of "police officer" under Section 174.003(3). That Section defines "police officer" as "a paid employee who is sworn, certified, and full-time, and who regularly serves in a professional law enforcement capacity in the police department of a political subdivision."

The *Wolff* court found that deputy constables meet all of the requirements of Section 174.003(3) except that they do not work in a "police department." The court found that a Constables Office is not a "police department" within the meaning of Section 174.003. Noting that a Sheriff's Office is deemed a "police department" while a Parks Department that employs park rangers is not, the court held that while deputy constables serve in law enforcement, they do not serve in a "police department" and thus cannot be deemed police officers. In other words, *Wolff* found that a Constables Office is more akin to a Parks Department than a Sheriff's Office. This is wrong.

The error in *Wolff* can be found in the court's reliance on *City of San Antonio v. San Antonio Park Rangers Ass'n,* 850 S.W.sd 189 (Tex. App. – San Antonio 1992, writ denied). The court there found "the Texas legislature limited this bill to include only firemen and **city** policemen instead of all protective service employees." 850 S.W.2d at 192 (emphasis supplied). Thus, the *San Antonio* court's interpretation of Section 174.003 would lead to the conclusion that not even County Sheriff's Offices would be covered.

The concurring opinion in *City of San Antonio* succinctly stated the Act would not include "any other law enforcement personnel outside of

11

a **city's** police department." 850 S.W.2d at 193 (emphasis supplied). But we know from *Commissioners' Court of El Paso County v. El Paso County Sheriff's Deputies Assoc.,* 620 S.W.2d 900 (Tex. App. 8th Dist. El Paso 1981), that deputy sheriffs are deemed "police officers" and a Sheriff's Office is deemed a "police department" for purposes of Sections 174.023 and 174.003.

Clearly, the definition of "police department" as used in Section 174.003(3) is broader than the simple wording used in the statute. That is why sheriff's offices have been deemed "police departments." A proper analysis of Chapter 174 leads to the conclusion that deputy constables are "police officers" serving in a "police department" within the meaning of Section 174.003 and thus have the right to collectively bargain under Section 174.023.

As the court noted in *Commissioners' Court of El Paso County v. El Paso County Sheriff's Deputies Assoc.,* supra, it is necessary to ascertain the legislative intent behind Chapter 174 by looking at the entire Act and not isolated provisions. 620 S.W.2d at 900. Further, the Act by its own terms must be given a liberal construction. 620 S.W.2d at 902.

The court found that the legislative intent had been the protection of public health, safety and welfare by permitting collective bargaining

in lieu of strikes, lockouts or work stoppages. The court also found "The existing evil and the remedy provided apply to deputy sheriffs as well as other "policemen." The court then concluded: "deputy sheriffs and their public employer, counties, are included and covered by the Act." 620 S.W.2d at 902. See also *Webb County v. Webb County Deputies Assoc.,* 768 S.W.2d 953 (Tex. App. 4th Dist. – San Antonio 1989), finding that jailers and detention officers in a sheriff's office fall under Section 174.023.

The same reasoning applies to Deputy Constables. Section 174.003(3) defines "Police Officer" as (1) a paid employee (2) who is sworn, (3) certified, (4) full-time, and who serves in a professional law enforcement capacity in the police department of a political subdivision. There is no dispute Deputy Constables are paid employees who are sworn, full-time employees. They are also certified law enforcement officers, as even *Wolff* acknowledges. 441 S.W.3d at 366. Similarly, *Schwenke v. State,* 960 S.W.2d 227 (Tex. App. 13th Dist. – Corpus Christi 1997), recognized that a constable must obtain certification as a law enforcement officer. Section 86.011 in fact provides that "Each deputy constable must qualify in the manner provided for deputy sheriffs."

The only question then is whether a Constable's Office is more akin to a Sheriff's Office (which *El Paso* and *Webb* found to be a "police department") or a Parks Department (which *San Antonio* found is not a "police department"). A County Constable's Office is a constitutional creation and the County Constable is a Constitutional Officer. See Tex. Const. Art. V, Sections 18 and 24. The head of a Parks Department, on the other hand, serves under the direction of a city manager (who certainly is not a law enforcement officer) and others. 850 S.W.2d at 191. A Constable's Office has countywide jurisdiction and Deputy Constables have the authority "to serve process, make arrests, and carry out the duties of a peace officer throughout the entire county." *Merritt v. Harris County,* 775 S.W.2d 17, 23 (Tex. App. 14th Dist. – Houston 1989); Tex. Local Gov't Code Section 86.021. A Parks Department's jurisdiction is limited to the city parks and appurtenant areas and facilities. 850 S.W.2d at 191. Finally, while a park ranger clearly lacks the authority to perform the duties of a deputy constable, a deputy sheriff can perform those same functions. See *Bomer v. Ector County Comm'rs Court,* 676 S.W.2d 662 (Tex. App. 8th dist. – El Paso 1984).

Simply applying the liberal construction required by Chapter 174 (See Section 174.004), and considering the legislative intent to prevent

14

strikes, lockouts, and work stoppages by law enforcement officers in order to protect the public health, safety and welfare, it only makes sense to include deputy constables among the "police officers' entitled to collective bargaining.

Once it is recognized that deputy constables are police officers within the meaning of Section 174.003 and 174.023, then appellants here clearly have standing to pursue their claims. Here, appellants simply believe the court below erred by confusing the city's right to lay off or abolish positions as distinct from who is laid off or whose position is abolished. The latter is the issue here and clearly falls within the terms of the collective bargaining agreement.

**CONCLUSION**

Deputy Constables are clearly "police" officers within the meaning of Sections 174.003 and 174.023 entitled to bargain collectively.

For the above reasons, Appellant requests that this Court reverse and render judgment for Appellant, Jefferson County Constables Association and any and all relief to which Appellant may be justly entitled.

Respectfully submitted,

**BRADLEY, STEELE & PIERCE, L.L.P.**
3120 Central Mall Drive
Port Arthur, Texas 77642
(409) 724-6644 TELEPHONE
(409) 724-7585  FACSIMILE
Email: lbradley@bradlaw.net

By:     */S/ Lance P. Bradley*
        LANCE P. BRADLEY
        State Bar No. 02826650

Attorneys for Appellant

## RULE 9.4 (i) CERTIFICATION

In compliance with Texas Rule of Appellate Procedure 9.4(i)(3), I certify that the number of words in this reply brief, excluding those matters listed in Rule 9.4(i)(1), is 2,034.

*/S/ Lance P. Bradley*
LANCE P. BRADLEY

## CERTIFICATE OF SERVICE

Pursuant to Tex. R. App. P. 9.5, I certify that a true and correct copy of the foregoing Appellant's Reply Brief to Appellee's Supplemental Brief has been forwarded on this 28th day of October, 2015, to the following:

| | | |
|---|---|---|
| Phillip Babin | [ ] | via certified mail, return receipt |
| Kathleen Kennedy | | requested |
| Assistant District Attorneys | [ ] | via hand delivery |
| District Attorney's Office | [ ] | via regular USPS mail |
| 1001 Pearl Street | [ ] | via overnight delivery |
| Beaumont, Texas 77701 | [x] | via telecopier |
| Telecopier- (409) 784-5893 | [x] | via EFile |

/s/ Lance P. Bradley
LANCE P. BRADLEY