# IN THE SUPREME COURT OF TEXAS

No. 16-0498

JEFFERSON COUNTY, TEXAS, PETITIONER,

v.

JEFFERSON COUNTY CONSTABLES ASSOCIATION, RESPONDENT

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE THIRTEENTH DISTRICT OF TEXAS

JUSTICE BOYD, joined by JUSTICE JOHNSON, dissenting.

Deputy constables provide important law-enforcement services to the communities they serve. But the policy decision to grant them authority to engage in collective bargaining belongs to the Legislature, not this Court. The Legislature has granted that authority only to "fire fighters" and "police officers."[1] Under Texas law, deputy constables are not "police officers" any more than police officers are deputy constables. Essentially for the reasons the Beaumont and San Antonio Courts of Appeals have explained,[2] I do not agree with the Court's holding that deputy constables are "police officers" under the Collective Bargaining Act.

---

[1] TEX. LOC. GOV'T CODE §§ 174.023, .051(c); *see also* TEX. GOV'T CODE § 617.002(a), (b).

[2] *See Jefferson Cty. v. Stines*, 523 S.W.3d 691, 713–19 (Tex. App.—Beaumont 2017, pet. filed); *Wolff v. Deputy Constables Ass'n of Bexar Cty.*, 441 S.W.3d 362, 366 (Tex. App.—San Antonio 2013, no pet.); *City of San Antonio v. San Antonio Park Rangers Ass'n*, 850 S.W.2d 189, 192–93 (Tex. App.—San Antonio 1992, writ denied).

Texas law consistently recognizes that deputy constables serve their communities as "peace" officers, but it never equates them with "police" officers and instead consistently refers to the two separately.[3] Texas statutes refer to a variety of "police departments," including municipal police departments,[4] school district police departments,[5] campus police departments,[6] and even—in certain counties—a sheriff's "county police force,"[7] but no Texas statute ever refers to a constable's office as a "police department" or "police force." To the contrary, although Texas statutes consistently include police departments, sheriffs' offices, and constables' offices within the broader category of "law enforcement agencies," they unfailingly distinguish between the three types of entities.[8]

---

[3] *See*, *e.g.*, TEX. CODE CRIM. PROC. art. 2.12(2), (3) (separately listing deputy constables and police officers as two types of "peace officers"), art. 2.123(a) (permitting "peace officers" to serve as "adjunct police officers," but only if they obtain additional authorizations), art. 18.21 § 1(2)(B), (C) (separately listing deputy constables and police officers as two types of "authorized peace officer[s]"), art. 18B.001(1)(B), (C) (same), art. 42A.751(b) (referring separately to a "police officer" or "other officer with the power of arrest"); TEX. EDUC. CODE §§ 37.203(a)(6)(H) (referring separately to a "school district police officer" or a "peace officer whose primary duty consists of working in a public school"), 51.203(e) (requiring peace officer commissioned as a "campus peace officer" to be a "certified police officer"); TEX. GOV'T CODE § 660.209(a) (referring separately to "police officers and other peace officers"); TEX. HUM. RES. CODE § 243.051(a)(1) (referring separately to a "constable" or a "police officer"); TEX. LOC. GOV'T CODE §§ 141.008(a-2)(1) (referring to peace officers who "are not members of a police department covered by a collective bargaining agreement"), 306.040(c) (permitting authorized "special park police officer" to perform service "that may be performed by a sheriff, constable, or other peace officer"), 324.066(b) (referring separately to "police officer, constable, sheriff, or other law enforcement officer"), 362.001(2) (separately referring to "police officer" and "deputy constable" as two types of "law enforcement officer[s]"); TEX. OCC. CODE §§ 1704.302(a) (referring separately to "police officer" and "constable"), .304(b) (same); TEX. TRANSP. CODE § 621.401(5), (6) (referring separately to "police officer" and "constable or deputy constable").

[4] *See* TEX. CODE. CRIM. PROC. art. 5.05(c).

[5] *See* TEX. EDUC. CODE § 37.015(a).

[6] *See id.* § 51.212(f).

[7] *See* TEX. LOC. GOV'T CODE § 85.006 (authorizing sheriffs of certain counties to appoint a "county police force" and deputize "police officers" to serve on the force); *see also* TEX. CODE CRIM. PROC. art. 49.25 § 7 (referring to a "city or county police department").

[8] *See*, *e.g.*, TEX. TRANSP. CODE §§ 683.001(3) (defining "law enforcement agency" to include "the police department of a municipality" or of an "institution of higher education" or to "a sheriff or constable"), 721.005(b)(1) (referring separately to a "police department," "sheriff's office," and a "constable's office").

Deputy constables may "regularly serve[] in a professional law enforcement capacity," but they provide that service as employees of the constable's office, not as employees of "*the police department* of a political subdivision."[9] Nothing in the Collective Bargaining Act even *suggests* that it defines or uses the terms "police officer" and "police department" differently than the other Texas statutes that consistently use those terms. Because the Collective Bargaining Act applies only to fire fighters and police officers, it does not apply to deputy constables. If the Legislature had intended to permit deputy constables—or even all peace officers—to engage in collective bargaining, it could, should, and would have said so.

Because the Court holds otherwise, I respectfully dissent.

_____
Jeffrey S. Boyd
Justice

Opinion delivered: April 13, 2018

---

[9] TEX. LOC. GOV'T CODE § 174.003(3) (emphasis added).

3