**Odilia LERMA, Appellant,**

v.

**Alberto BUSTILLOS and Victoria Bustillos, Appellees.**

**No. 04–86–00085–CV.**

Court of Appeals of Texas, San Antonio.

Oct. 31, 1986.

Yale L. Kerby, Uvalde, for appellant.

Jesse Gamez, San Antonio, for appellees.

Before CADENA, C.J., and BUTTS and REEVES, JJ.

## OPINION

BUTTS, Justice.

This is an appeal from a judgment denying appellant's bill of review. TEX.R. CIV.P. 329b(f) (Vernon Supp.1986).

Appellant, Mrs. Odilia Lerma, and her late husband, Raul Y. Lerma, co-owned a lot in Uvalde County. In 1973, appellees, Alberto and Victoria Bustillos, owners of the adjacent lot, filed a trespass to try title suit challenging the Lermas' right to possession of an approximately four foot strip of land situated inside a fence erected by the Lermas. That suit named only Raul Lerma as a defendant. Although the case was tried in 1973, the trial court did not enter judgment in the cause.

However, on September 4, 1984, a successor judge signed the judgment disposing of the 1973 lawsuit in favor of the Bustillos. Mrs. Lerma subsequently filed a bill of review seeking to set aside the judgment.

Usually in order for a party to possess standing to file a bill of review, he must be a party to the prior judgment or one who had a then existing interest or right which was prejudiced thereby. 4 R. McDONALD, TEXAS CIVIL PRACTICE § 18.26 (1971), *Barrow v. Durham*, 574 S.W.2d 857, 860 (Tex.Civ.App.—Corpus Christi 1978), *aff'd*, 600 S.W.2d 756 (Tex. 1980). Mrs. Lerma, along with her husband, claimed title to the strip of land. That she had an interest in the land is without question. It is also clear that her

interest was not adverse to her husband's. We do not now determine whether the resolution of title and adverse possession issues at the 1973 trial will preclude further litigation as to Mrs. Lerma's rights. The issue on appeal is whether the trial court erred in denying the bill of review, which was a direct attack on the 1973 judgment.

■ To set aside a final judgment by bill of review a party must allege and prove: (1) a meritorious defense to the lawsuit supporting the judgment; (2) fraud or wrongdoing of the opposing party prevented him from making the defense; and (3) the party's own actions were free of fault or negligence. *Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996, 998 (1950).

■ In order to prevail, the plaintiff in a bill of review action must prove his lack of fault or negligence in permitting a meritorious defense to go unasserted in a prior action. *McEwen v. Harrison,* 162 Tex. 125, 345 S.W.2d 706, 710 (1961). In this case appellant was married to Raul Lerma at the time he was sued. She did not allege in her bill of review, nor do we have a statement of facts, or bill of exception in evidence, showing she proved a meritorious defense to the initial lawsuit which she, or her husband, was prevented by the Bustillos from presenting to the trial court. Further, even had there been a meritorious defense, she has not shown she, or her husband, was free from fault or negligence at that time in failing to present it. Therefore, the trial court correctly denied the petition for bill of review based on failure of required allegations and failure of required proof.

In affirming the denial of the bill of review, we point out that the judgment is not against appellant personally. It is against her deceased husband only. Thus, if the Bustillos gained the interest of the husband only, they did not gain the interest of the wife, appellant herein. Since the judgment did not affect her interest, she and the Bustillos are tenants in common as to the mutually claimed strip of land. The trial court had no jurisdiction over appellant in order to render the 1973 judgment against her.

Mrs. Lerma has directed our attention to certain letters from the trial judge in 1974 concerning the 1973 lawsuit. In those letters the judge noted that a judgment had not been entered in the cause because the parties tendered no acceptable judgment. The judge also noted that a description of the property could not be located in the reporter's record, and suggested the case might be retried. However, these letters were not part of the record in the trial below and we cannot consider them. *See Rosenfeld v. Steelman,* 405 S.W.2d 301, 303 (Tex.1966). Further, they do not meet the standards required in alleging a bill of review action. The first two points of error are overruled.

■ In her third point of error Mrs. Lerma argues the trial court erred in the present action by granting relief to the Bustillos when they sought no relief and filed no pleadings. They were not required to seek affirmative relief. The judgment merely denied appellant's bill of review, thereby reaffirming the validity of the 1973 judgment; it granted no relief to anyone. We overrule the point of error.

■ Appellant's final point of error complains the trial court erred in denying her bill of review without a hearing. Before a court can act on a bill of review, the party seeking relief must file a petition alleging the rendition of a prior judgment which was the result of fraud, accident or wrongful act of the opposite party unmixed with the petitioning party's own negligence. Further, the petition must allege at least one fact sufficient to provide a defense to the prior judgment. *Baker v. Goldsmith,* 582 S.W.2d 404, 406–07 (Tex. 1979). Appellant failed to allege facts showing that the prior judgment in this case resulted from fraud or the wrongful act of the Bustillos. We overrule appellant's point of error.

The judgment is affirmed.

CADENA, Chief Justice, concurring.

I agree that Mrs. Lerma is not entitled to a bill of review because she was not a party to the suit which resulted in the judgment she now challenges and is not bound by such judgment.