**Emerald RODRIGUEZ, by and through her next friend, David RODRIGUEZ, Appellant,**

v.

**EMC MORTGAGE CORP., Appellee.**

No. 04–02–00437–CV.

Court of Appeals of Texas, San Antonio.

Dec. 4, 2002.

David Rodriguez, pro se.

Kelly J. Harvey, Rubal, Hamm & Harvey, A Partnership of Professional Corporations, Houston, for appellee.

Sitting: ALMA L. LÓPEZ, Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice.

Opinion by ALMA L. LÓPEZ, Justice.

Emerald Rodriguez ("Emerald"), by and through her next friend David Rodriguez, appeals the trial court's order dismissing the underlying lawsuit for lack of jurisdiction. In her first two issues, Emerald asserts that the trial court did not have jurisdiction to grant the plea to the jurisdiction. In her third issue, Emerald asserts that the plea to the jurisdiction was improperly granted. We reverse the trial court's order and remand the cause to the trial court for further proceedings consistent with this opinion.

### BACKGROUND

In August of 2000, the appellee, EMC Mortgage Corporation ("EMC"), filed a forcible detainer action in justice court that was appealed to County Court at Law No. 5 (the "Forcible Detainer Action").

The county court rendered judgment in favor of EMC.

In March of 2002, Emerald filed the underlying bill of review, claiming that she was an occupant in possession and owned a one-half interest in the property in question at the time of the Forcible Detainer Action but was not served with citation. EMC filed a plea to the jurisdiction asserting that the court lacked jurisdiction to consider the bill of review because an appeal was pending in the Forcible Detainer Action in which Emerald was represented by David Rodriguez as her next friend and parent. In addition, EMC asserted that Emerald lacked the capacity and standing to sue EMC. An order was issued setting the plea for a hearing in the Bexar County Civil Presiding Court, and an order of dismissal was entered.

## STANDARD OF REVIEW

■ Subject matter jurisdiction is essential to the authority of a court to decide a case; it cannot be waived and may be raised for the first time on appeal. *Waco Ind. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 851 (Tex.2000). We review a trial court's ruling on a plea to the jurisdiction under a de novo standard of review. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998). A plea to the jurisdiction challenges the trial court's authority to consider the subject matter of a specific cause of action. *Rylander v. Caldwell*, 23 S.W.3d 132, 135 (Tex.App.-Austin 2000, no pet.). "In order to prevail, the party asserting the plea to the jurisdiction must show that even if all the allegations in the plaintiff's pleadings are taken as true, there is an incurable jurisdictional defect apparent from the face of the pleadings, rendering it impossible for the plaintiff's petition to confer jurisdiction on the trial court." *Id.* In addition to the pleadings, a court may also consider other relevant evidence and must do so when necessary to resolve the jurisdictional issues raised. *Bland Ind. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex.2000).

## JURISDICTION TO ENTER DISMISSAL ORDER

The first issue raised by Emerald is whether the trial judge sitting in the Bexar County Civil Presiding Court had the authority to dismiss the bill of review. Emerald asserts that a bill of review must be filed in the court that entered the judgment being attacked; therefore, only that court could dismiss the bill of review. EMC responds that once the bill of review was filed in the proper court, it could be transferred to another court for trial or other proceedings.

■ A bill of review is an independent action brought to set aside a judgment that is no longer appealable or subject to challenge by a motion for new trial. *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 926–27 (Tex.1999). A bill of review is a direct attack on a judgment; therefore, only the court rendering the original judgment has jurisdiction over the proceeding, and the bill of review must be filed in the same court that rendered the judgment under attack. *Richards v. Commission for Lawyer Discipline*, 81 S.W.3d 506, 508 (Tex.App.-Houston [1st Dist.] 2002, no pet.). Once jurisdiction has attached in the proper court, however, the case may be transferred to another court, and the transferee court has the authority to determine the merits of the bill of review. *Outlaw v. Noland*, 506 S.W.2d 734, 735 (Tex.App.-Houston [1st Dist.] 1974, writ ref'd n.r.e.); *see also South Tex. Dev. Co. v. Martwick*, 328 S.W.2d 230, 233 (Tex.Civ. App.-Waco 1959, writ ref'd n.r.e.).

■ In this case, Emerald filed her bill of review in the court that rendered the original judgment; therefore, jurisdiction attached in the proper court. Section

74.094 of the Texas Government Code authorizes a statutory county court judge to hear and determine a matter pending in any statutory county court in the county "regardless of whether the matter is preliminary or final or whether there is a judgment in the matter." TEX. GOV'T CODE ANN. § 74.094 (Vernon Supp.2002). "The judge may sign a judgment or order in any of the courts regardless of whether the case is transferred." *Id.* Because jurisdiction properly attached in the court that rendered the original judgment, any district or statutory county court judge could hear and determine EMC's plea to the jurisdiction regardless of whether the case was transferred. *See id.; see also In re Garza,* 981 S.W.2d 438, 440–42 (Tex.App.-San Antonio 1998, orig. proceeding) (addressing Bexar County's system of exchanging benches). Accordingly, the statutory county court judge had jurisdiction to grant EMC's plea to the jurisdiction in the instant case.

### PLEA TO THE JURISDICTION

In its plea to the jurisdiction, EMC asserted that the court lacked jurisdiction to consider the bill of review because an appeal of the judgment Emerald sought to attack was pending and because Emerald did not have the capacity or standing to sue EMC. With regard to the pendency of the appeal, this court has held that lack of finality of the original judgment does not deprive a trial court of jurisdiction over a separate bill of review suit. *Taj Mahal, Inc. v. Al–Wardi,* 885 S.W.2d 562, 563 (Tex.App.-San Antonio 1994, no writ). With regard to Emerald's standing, a party possesses standing to file a bill of review if he was a party to the prior judgment or one who had a then existing interest or right which was prejudiced thereby. *Lerma v. Bustillos,* 720 S.W.2d 204, 205 (Tex.App.-San Antonio 1986, no writ). In this case, Emerald had

a one-half interest in the property that was the subject of the forcible detainer action; accordingly, Emerald had a then existing interest that was prejudiced by the judgment. EMC appears to contend that the issues relating to Emerald's interest would be resolved by the pending appeal. However, David Rodriguez filed the appeal in his individual capacity, not in his capacity as next friend of Emerald, and Emerald's complaint regarding absence of service was not raised or addressed in the appeal. *See Rodriguez v. EMC Mortgage Corp.,* No. 04–01–00197–CV, 2002 WL 1445198 (Tex.App.-San Antonio Jul.3, 2002, pet. filed) (not designated for publication). In reaching our holding, we do not address the merits of Emerald's complaint regarding absence of service or the other affirmative defenses asserted by EMC in response to Emerald's pleading. We simply hold that Emerald had standing to bring the bill of review, and the trial court had jurisdiction to consider the bill of review on its merits.

### CONCLUSION

The trial court's order is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.