

# Fourth Court of Appeals

## San Antonio, Texas

## OPINION

No. 04-13-00080-CV

Nelson **WOLFF**, County Judge of Bexar County, Texas; Bexar County Commissioners, Paul
Elizondo, Tommy Adkisson, Sergio "Chico" Rodriguez, and Kevin Wolff; and
Bexar County, Texas,
Appellants

v.

## DEPUTY CONSTABLES ASSOCIATION OF BEXAR COUNTY,
Appellee

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-CI-15660
The Honorable Martha Tanner, Judge Presiding

Opinion by:   Marialyn Barnard, Justice

Sitting:        Karen Angelini, Justice
                Marialyn Barnard, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed:  July 17, 2013

REVERSED AND RENDERED

Appellee Deputy Constables Association of Bexar County ("the Deputy Constables") filed

suit against appellants Nelson Wolff, et al. ("Wolff") alleging they violated the Fire and Police

Employee Relations Act ("the Act") by failing to enter into collective bargaining with the Deputy

Constables.  This is an interlocutory appeal from the trial court's denial of Wolff's plea to the

jurisdiction and motion to dismiss.  On appeal, Wolff contends the trial court erred in denying the

plea to the jurisdiction because the Deputy Constables lack standing to collectively bargain under Texas Local Government Code Chapter 174.

## BACKGROUND

A detailed factual background is unnecessary for the disposition of the issues in this appeal. Nonetheless, we will provide a brief recitation of the facts for context.

In 2004, the Deputy Sheriff's Association of Bexar County petitioned for an election to adopt Texas Local Government Code Chapter 174 for the Deputy Sheriffs employed in Bexar County Sheriff's Office. Subsequently, the electorate voted to adopt collective bargaining under Chapter 174, and the Commissioners Court approved an order placing the Act in effect. A dispute arose over which employee association, the Deputy Sheriff's Association or the Law Enforcement Officers of Bexar County, was entitled to represent the majority of the Deputy Sheriffs of Bexar County. After a representation election, the Deputy Sheriff's Association was selected as the designated bargaining agent for the Deputy Sheriffs. On March 15, 2005, the Commissioners Court of Bexar County recognized the Deputy Sheriff's Association as the exclusive bargaining agent for collective bargaining under Chapter 174.

Since that date, the Deputy Sheriff's Association has served as the bargaining agent for the "police officers" of Bexar County. Bexar County has negotiated two collective bargaining agreements with the Deputy Sheriff's Association, the most recent dated May 8, 2012. Under Article I of the latest agreement, Bexar County acknowledged the Deputy Sheriff's Association as the exclusive collective bargaining agent and the Deputy Sheriffs as the members of the bargaining unit.

The Deputy Constables contend they requested collective bargaining from Bexar County in 2009 by sending written requests to David Kilcrease, former president of the Deputy Sheriff's Association, and County Judge Nelson Wolff. Subsequently, on September 7, 2012, the Deputy

Constables requested Bexar County engage in collective bargaining with their association. The Deputy Constables contend Commissioner "Chico" Rodriguez advised them their request would be redirected to David Smith, County Manager. The Deputy Constables allege that although their request was placed on the Commissioners Court agenda, the issue was never addressed.

On September 21, 2012, the Deputy Constables sued Wolff seeking declaratory judgment and a writ of mandamus, arguing Wolff violated Chapter 174 by failing to acknowledge the Deputy Constables' right to collectively bargain. Wolff filed an original answer and subsequently filed a plea to jurisdiction and motion to dismiss. After a hearing, the trial court denied Wolff's plea to jurisdiction and motion to dismiss. Wolff then perfected this appeal.

## ANALYSIS

On appeal, Wolff contends the trial court erred in denying the plea to the jurisdiction because the Deputy Constables are not "police officers" under Chapter 174 of the Texas Local Government Code, and therefore, lack standing to bring suit under the Act.[1]

### *Standard of Review*

A plea to the jurisdiction challenges the trial court's authority to determine the subject matter of a specific cause of action. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000); *City of San Antonio v. Rogers Shavano Ranch*, 383 S.W.3d 234, 241 (Tex. App.—San Antonio 2012, pet. denied). Subject matter jurisdiction is a question of law we review de novo. *Tex. Dep't. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Rogers Shavano Ranch*, 383 S.W.3d at 241.

---

[1] "An association may sue on behalf of its members when '(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.'" *Tex. Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 518 (Tex. 1995) (quoting *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 447 (Tex. 1993)).

When a plea to the jurisdiction challenges the plaintiff's pleadings, the court must determine if, construing the pleadings liberally in the plaintiff's favor, the plaintiff has alleged facts affirmatively demonstrating the trial court's jurisdiction to hear the case. *Miranda*, 133 S.W.3d at 226; *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 839–40 (Tex. 2007). When a plea to the jurisdiction challenges the existence of jurisdictional facts, the court looks beyond the pleadings and considers the relevant evidence submitted by the parties to resolve the jurisdictional issues. *Miranda*, 133 S.W.3d at 227; *Blue*, 34 S.W.3d at 555. If the evidence of jurisdictional facts is undisputed, or fails to raise a fact question on the issue of jurisdiction, the trial court may rule on the plea as a matter of law. *Miranda*, 133 S.W.3d at 228. However, if the evidence creates a fact question on the jurisdictional issue, the trial court must deny the plea and submit the disputed fact issue to the fact finder for resolution. *Id.* at 227–28; *City of Elsa v. Gonzalez*, 325 S.W.3d 622, 625 (Tex. 2010).

This standard of review generally mirrors the traditional summary judgment standard of review, and the burden is on the governmental unit as movant to meet the standard of proof. *Miranda*, 133 S.W.3d at 228; *Rogers Shavano Ranch*, 383 S.W.3d at 241. After the governmental unit asserts and provides evidentiary support for its plea, the nonmovants are required to show only that a disputed material fact issue exists. *Id.* We take as true all evidence favorable to the non-movant, and resolve any doubts and indulge every reasonable inference in the non-movant's favor. *Id.*; *Rogers Shavano Ranch*, 383 S.W.3d at 242. We do not look to the merits of the cause of action, but consider only the pleadings and the evidence relevant to the jurisdictional inquiry. *Miranda*, 133 S.W.3d at 227; *Cnty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002).

### *Applicable Law - Standing*

To have standing, a party must prove there is (1) "a real controversy between the parties" that (2) "will be actually determined by the judicial declaration sought." *Austin Nursing Ctr, Inc.*

*v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005). Without standing, a court lacks subject matter jurisdiction to hear the case. *Lovato*, 171 S.W.3d at 849; *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). A determination of standing focuses on whether a party has a "justiciable interest" in the outcome of the lawsuit, such as when it is personally aggrieved or has an enforceable right or interest. *Lovato*, 171 S.W.3d at 849 (citing *Nootsie, Ltd. v. Williamson Cnty. Appraisal Dist.*, 925 S.W.2d 659, 661 (Tex. 1996)). As a component of subject matter jurisdiction, standing is a question of law we review de novo. *See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998); *Tex. Ass'n of Bus.*, 852 S.W.2d at 445–46.

### *Application*

The threshold issue in this appeal is whether the Deputy Constables have standing to bring suit under Chapter 174 of the Texas Local Government Code. This determination is based on whether they are "police officers" as defined in the Act.

In the underlying suit and on appeal, the Deputy Constables assert a violation of their right to collectively bargain under Section 174.023. In Texas, "police officers" have the right to organize and bargain collectively with their public employer as defined under Texas Local Government Code Chapter 174. TEX. LOCAL GOV'T CODE ANN. § 174.023 (West 2008 & Supp. 2012).

Under the Act, only firefighters and "police officers" as defined in the Act have standing to assert the right to collectively bargain. According to Section 174.003, a "police officer" is (1) a paid employee who is (2) sworn, (3) certified, (4) full-time, and (5) who regularly serves in a professional law enforcement capacity *in the police department* of a political subdivision. TEX. LOCAL GOV'T CODE ANN. § 174.003 (West 2008) (emphasis added).

For purposes of the Act, appellate courts have determined the Sheriff's Office to be the "police department" of a county. For example, in *Comm'rs Ct. of El Paso Cnty. v. El Paso Cnty.*

*Sheriff's Deputies Ass'n*, the court held deputy sheriffs were included and covered by the Act.[2] 620 S.W.2d 900, 902 (Tex. Civ. App.—El Paso 1981, writ ref'd n.r.e.). Then, in *Webb Cnty. v. Webb Cnty. Deputies Ass'n, et. al.*, this court held detention officers and jailers, as employees of the Sheriff's Office, met the criteria of being "certified" as set forth in the definition of "policemen" in the Act. 768 S.W. 2d 953, 955 (Tex. App.—San Antonio 1989, no writ).

In contrast, this court held law enforcement officers, such as park rangers employed in the Parks Department of the City of San Antonio, were not "police officers" within the Act because they were not employed in "the police department," but in the Parks Department of the City of San Antonio. *See City of San Antonio v. San Antonio Park Rangers Ass'n*, 850 S.W.2d 189, 192–93 (Tex. App—San Antonio 1992, writ denied). In that case, the court reviewed the legislative history of the Act and held the Legislature did not intend to include all protective service employees but only firemen and city policemen. *Id.* at 192.

It is undisputed the Deputy Constables serve in a law enforcement capacity and render a valuable service to the community, risking their own safety. *See San Antonio Park Rangers Ass'n*, 850 S.W.2d at 193 (Garcia, J., concurring). However, we hold the Deputy Constables do not meet the definition of "police officer" under the Act because they do not serve in the "police department" of the county or the Sheriff's Office. *See San Antonio Park Rangers Ass'n*, 850 S.W.2d at 192–93. Just as the park rangers were employed by the Parks Department of the City of San Antonio, and not by the City of San Antonio Police Department, the Deputy Constables are employed by the Constable's Office of Bexar County, not by the "police department" of Bexar County or the Sheriff's Office. *See id.*; *see also Cnty. of Dall. v. Wiland*, 216 S.W.3d 344, 346 (Tex. 2007) (noting deputy constables are employed by counties); TEX. LOCAL GOV'T CODE ANN. § 86.011.

---

[2] The Act was previously codified in Article 5154c-1. TEX. REV. CIV. STAT. ANN. art. 5154c-1.

In contrast, all law enforcement agents considered "police officers" under the Act, including deputy sheriffs, jailers, and detention officers, are employed by the police department of the county or the Sheriff's Office. Accordingly, because the Deputy Constables are not "police officers" within the meaning of the Act, we hold they have no "justiciable interest" in the outcome of the lawsuit, and therefore lack standing. *See Lovato*, 171 S.W.3d at 849.

### CONCLUSION

Based on the foregoing, we hold the Deputy Constables do not fall within the definition of "police officers" under Chapter 174 of the Texas Local Government Code. They are not employees in the "police department" of Bexar County or the Sheriff's Office. Accordingly, we hold the Deputy Constables lack standing to bring suit under the Act. We reverse the trial court's denial of Wolff's plea to the jurisdiction and render judgment in favor of Wolff.


Marialyn Barnard, Justice