

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00751-CV

Josefina Alexander **GONZALEZ**, by and through her Co-Attorneys-in-Fact, Judith Zaffirini, David H. Arredondo, and Clarissa N. Chapa; Judith Zaffirini, David H. Arredondo, and Clarissa N. Chapa, as Independent Co-Executors of the Estate of Delfina E. Alexander, Deceased, and as Co-Trustees of the Rocio Gonzalez Guerra Exempt Trust; Alexander Residential Development, L.P.; Alexander Commercial Development, L.P.; Alexander Retail Development, L.P.; D & J Alexander Construction, L.P.; D & J Alexander Management, L.P.; Delfina E. and Josefina Alexander LLC-1; and Delfina and Josefina Alexander Family Limited Partnership, Appellants

v.

Raymond S. **DE LEON** II, Trustee of the Delfina and Josefina Alexander Family Trust, and Rocio Gonzalez Guerra, Individually and as Next Friend of V.G.G. III and M.A.G., Appellees

From the 406th Judicial District Court, Webb County, Texas
Trial Court No. 2014-CVQ-001098-D4
Honorable Oscar J. Hale Jr., Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:        Marialyn Barnard, Justice
                Patricia O. Alvarez, Justice
                Jason Pulliam, Justice

Delivered and Filed:  August 26, 2015

AFFIRMED IN PART; VACATED IN PART

This is an appeal from the trial court's orders granting a plea to the jurisdiction and plea in abatement filed by appellees, Raymond S. De Leon II, Trustee of the Delfina and Josefina Alexander Family Trust, and Rocio Gonzalez Guerra, Individually and as Next Friend of V.G.G.

III and M.A.G. (collectively "De Leon and Guerra"), thereby dismissing a bill of review filed by appellants, Josefina Alexander Gonzalez, by and through her Co-Attorneys-in-Fact, Judith Zaffirini, David H. Arredondo, and Clarissa N. Chapa; Judith Zaffirini, David H. Arredondo, and Clarissa N. Chapa, as Independent Co-Executors of the Estate of Delfina E. Alexander, Deceased, and as Co-Trustees of the Rocio Gonzalez Guerra Exempt Trust; Alexander Residential Development, L.P.; Alexander Commercial Development, L.P.; Alexander Retail Development, L.P.; D & J Alexander Construction, L.P.; D & J Alexander Management, L.P.; Delfina E. and Josefina Alexander LLC-1; and Delfina and Josefina Alexander Family Limited Partnership (collectively "Gonzalez"). On appeal, Gonzalez argues the trial court erred in granting the plea to the jurisdiction based on an absence of standing and the plea in abatement based on the doctrine of dominant jurisdiction. We affirm the trial court's order granting De Leon's and Guerra's plea to the jurisdiction, but vacate the trial court's order granting Guerra's plea in abatement.

## BACKGROUND

As part of a family estate plan, sisters Delfina E. Alexander and Josefina Alexander Gonzalez created the following legal entities: (1) the Delfina and Josefina Alexander Family Limited Partnership and five other limited partnerships - Alexander Residential Development, L.P.; Alexander Commercial Development, L.P.; Alexander Retail Development, L.P.; D & J Alexander Construction, L.P.; D & J Alexander Management, L.P. (collectively "the Alexander Limited Partnerships"); (2) the Delfina and Josefina Alexander Family Trust (the "Family Trust"); and (3) the Delfina and Josefina Alexander LLC-1 (the "LLC"). The sisters funded one of the partnerships with approximately a thousand acres of real property located in Webb County and set up the other partnerships to manage and develop the property. The sisters controlled all of the entities by naming themselves members of the LLC and general and limited partners of the Alexander Limited Partnerships. With regard to the Family Trust, the sisters named themselves

co-trustees and designated Josefina's daughter, Guerra, and Guerra's minor children, M.A.G. and V.G.G. III, as beneficiaries.

Eventually, the sisters transferred a portion of their ownership interests in the Alexander Limited Partnerships to the Family Trust. Ultimately, the Family Trust owned ninety percent of the interests in the Alexander Limited Partnerships as a limited partner. The sisters also named the LLC as the sole general partner of the Alexander Limited Partnerships, and the LLC owned two percent of the interests in the partnerships. The remaining eight percent of interests in the partnerships was held by the sisters equally as limited partners.

Beginning in 2008, Guerra filed a number of lawsuits against her mother and aunt, seeking to remove them as co-trustees of the Family Trust and alleging, among other things, they breached their fiduciary duties. Shortly thereafter, Delfina died, leaving a will, which made several specific bequests to Josefina and left the remainder of her estate to the Rocio Gonzalez Guerra Exempt Trust (the "Exempt Trust"). The will named Judith Zaffirini, David Arredondo, and Clarissa Chapa co-trustees of the Exempt Trust. After Delfina died, the executors of her estate — Zaffirini, Arredondo, and Chapa — stepped into Delfina's roles as limited partner of the Alexander Limited Partnerships and member of the LLC. Around the same time, Zaffirini, Arredondo, and Chapa, acting as co-attorneys-in-fact, also stepped into Josefina's roles as limited partner of the Alexander Limited Partnerships and member of the LLC because Josefina was incapacitated. As a result, Zaffirini, Arredondo, and Chapa had complete control over management of the LLC, and therefore, the Alexander Limited Partnerships because the LLC served as general partner for the Alexander Limited Partnerships.

When Delfina died and Josefina became incapacitated, A. E. Puig Sr. became successor trustee of the Family Trust pursuant to the terms of the Family Trust. However, by 2010, Mr. Puig had resigned from his position as successor trustee due to family discord, and the next named

successor trustee, Lawrence Puig, refused to serve. Thereafter, as beneficiaries of the Family Trust, Guerra and her two minor children filed suit in Webb County District Court, seeking to have De Leon appointed successor trustee of the Family Trust. On March 12, 2012, the district court rendered judgment, appointing De Leon as successor trustee. After De Leon's appointment, Guerra filed a lawsuit against Zaffirini, Arredondo, and Chapa in Webb County Court at Law No. 2, seeking their removal as co-trustees of the Exempt Trust and as co-executors of Delfina's estate and alleging a number of claims, including breach of fiduciary duty and fraud. De Leon also filed a derivative action on behalf of the Family Trust and as limited partner of the Alexander Limited Partnerships against Zaffirini, Arredondo, and Chapa, individually, and the Alexander Limited Partnerships for similar claims. As trustee, De Leon also sought a judicial "winding up" of the partnerships as well as the appointment of a receiver. These cases are still pending in Webb County.

Two years later, Gonzalez filed a bill of review in Webb County District Court, seeking to set aside the 2012 judgment appointing De Leon. Specifically, Gonzalez sought to remove De Leon as trustee of the Family Trust, the appointment of a new successor trustee for the Family Trust, and an accounting of the Family Trust.[1] In response, De Leon and Guerra filed a plea to the jurisdiction (and motion to dismiss for want of jurisdiction), contending the trial court lacked subject matter jurisdiction because Gonzalez did not have standing to file the bill of review. Guerra also filed a plea in abatement and motion to dismiss, contending Gonzalez's demands in the bill of review to appoint a new successor trustee for the Family Trust, and for an accounting were new claims (collectively, "the Family Trust Administration Claims."). According to Guerra, Webb County Court at Law No. 2 had acquired jurisdiction over the Family Trust Administration Claims

---

[1] Josefina died a few months after the petition for bill of review was filed.

when De Leon filed the derivative action against Zaffirini, Arredondo and Chapa, and therefore, all the Family Trust Administration Claims should be resolved in that pending case. The trial court granted De Leon's and Guerra's plea to the jurisdiction, dismissing Gonzalez's bill of review. However, despite determining it lacked jurisdiction, the trial court also granted Guerra's plea in abatement, abating the Family Trust administration claims in favor of the derivative action. Gonzalez then perfected this appeal.

## ANALYSIS

On appeal, Gonzalez challenges the trial court's orders granting De Leon's and Guerra's plea to the jurisdiction and Guerra's plea in abatement. As to the plea to the jurisdiction, Gonzalez contends the trial court erred in granting De Leon's and Guerra's plea because she has standing to pursue the bill of review. According to Gonzalez, she has standing because: (1) she, in her various forms, was an "interested party" — as defined by the Texas Property Code — to the original removal suit; (2) the judgment appointing De Leon as successor trustee of the Family Trust orders her to take certain action, i.e., deliver documents; and (3) the trial court confused the standing issue with the underlying merits of the action. Gonzalez also contends, in her own words that "[De Leon] lacks standing because the judgment appointing him as Successor Trustee is void." Finally, Gonzalez argues the trial court erred in granting the plea in abatement based on the concept of dominant jurisdiction because the doctrine does not apply in this case.

### *Plea to the Jurisdiction — Standing*

#### *Standard of Review*

Whether a trial court has subject matter jurisdiction is a question of law we review de novo. *City of Elsa v. Gonzalez*, 325 S.W.3d 622, 625 (Tex. 2010) (per curiam); *Wolff v. Deputy Constables Ass'n of Bexar Cnty.*, 441 S.W.3d 362, 364 (Tex. App.—San Antonio 2013, no pet.). A trial court must have subject matter jurisdiction in order to have authority to hear a case. *Tex.*

*Dep't of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 225-28 (Tex. 2004); *Waco Ind. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 851 (Tex. 2000); *Rodriguez ex rel. Rodriguez v. EMC Mortg. Corp.*, 94 S.W.3d 795, 797 (Tex. App.—San Antonio 2002, no pet.). Standing is an essential component of a court's subject matter jurisdiction. *Wolff*, 441 S.W.3d at 365; *Green Tree Servicing, LLC v. Woods*, 388 S.W.3d 785, 790 (Tex. App.—Houston [1st Dist.] 2012, no pet.); *see also Heckman v. Williamson County*, 369 S.W.3d 137, 150 (Tex. 2012). A court lacks subject matter jurisdiction over a claim if the plaintiff lacks standing to assert that claim. *Heckman*, 369 S.W.3d at 150; *Wolff*, 441 S.W.3d at 365.

A party may challenge another party's standing by filing a plea to the jurisdiction. *Miranda*, 133 S.W.3d at 227; *Brown v. Todd*, 53 S.W.3d 297, 305 n.3 (Tex. 2001); *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). A plea to the jurisdiction is a dilatory plea which challenges a trial court's authority to determine the subject matter jurisdiction of a party's claim without deciding the merits of the case. *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004); *Bland*, 34 S.W.3d at 554. The plea may challenge the sufficiency of the facts a plaintiff pleads in a petition or, as is the case here, the existence of jurisdictional facts. *Miranda*, 133 S.W.3d at 226-27.

We review a trial court's ruling on a plea to the jurisdiction under a de novo standard of review. *Id.* at 228; *Univ. of Tex. Health Sci. Ctr. at San Antonio v. Stevens*, 330 S.W.3d 335, 337 (Tex. App.—San Antonio 2010, no pet.). In cases where a plea to the jurisdiction challenges the existence of jurisdictional facts, we must consider the relevant evidence submitted by the parties to resolve the jurisdictional issues raised. *Stevens*, 330 S.W.3d at 337-38; *Bland*, 34 S.W.3d at 554. We take all evidence favorable to the nomovant as true and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Miranda*, 133 S.W.3d at 228. If the evidence raises a fact issue regarding the jurisdictional issue, then the trial court cannot grant the

plea to the jurisdiction, and the fact issue must be left to be resolved by the fact finder. *Id.* at 227-28; *Stevens*, 330 S.W.3d at 338. However, if the relevant evidence fails to raise a fact question on the jurisdictional issue or is undisputed, then the trial court must rule on the plea to the jurisdiction as a matter of law. *Miranda*, 133 S.W.3d at 227-28; *Stevens*, 330 S.W.3d at 338.

*Application*

In their plea to the jurisdiction, De Leon and Guerra asserted the trial court lacked subject matter jurisdiction to consider Gonzalez's bill of review because Gonzalez did not have standing. Gonzalez, however, contends she has standing to prosecute her bill of review challenging the judgment appointing De Leon as successor trustee of the Family Trust. Gonzalez asserts she has standing because she had a then existing interest or right that was prejudiced by the judgment. Gonzalez presents the following arguments in support of her contention that she has standing: (1) she is an "interested person" — as that phrase is defined by the Texas Property Code — to the original suit in which De Leon was appointed successor trustee of the Family Trust; (2) the judgment appointing De Leon successor trustee orders her to take certain action, i.e., deliver documents to De Leon; and (3) the trial court confused the standing issue with the underlying merits of the case. Gonzalez also asserts it was De Leon who lacked standing because, in her own words, "the judgment appointing him as Successor Trustee is void."

To begin, "[s]tanding focuses on who may bring a lawsuit." *In re Estate of Forister*, 421 S.W.2d 175, 177 (Tex. App.—San Antonio 2013, pet. denied). "The standing doctrine requires a concrete injury to the plaintiff and a real controversy between the parties that will be resolved by the court." *Heckman*, 369 S.W.3d at 154; *HSBC Bank USA, N.A. v. Watson*, 377 S.W.3d 766, 773 (Tex. App.—Dallas 2012, pet. dism'd) (indicating general test for standing is whether there is controversy between parties). For a party to have standing, she must have a personal stake in the controversy. *Watson*, 377 S.W.3d at 773.

A bill of review is an equitable action brought by a party to set aside a judgment that is no longer appealable or subject to a challenge by motion for new trial. *Rodriguez*, 94 S.W.3d at 797 (citing *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 926-27 (Tex. 1999)). A party has standing to file a petition for a bill of review if she was a party to the prior judgment or had a then existing interest or right which was prejudiced thereby. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 502 (Tex. 2010); *Rodriguez*, 94 S.W.3d at 797 (citing *Lerma v. Bustillos*, 720 S.W.2d 204, 205 (Tex. App.—San Antonio 1986, no writ)).

In this case, Gonzalez filed a petition for a bill of review, seeking to set aside the judgment appointing De Leon as successor trustee of the Family Trust. Accordingly, using a de novo standard of review, we must determine whether Gonzalez was a party to the prior judgment or had a then existing interest or right which was prejudiced by the judgment. *See Fernandez*, 315 S.W.3d at 502; *Rodriguez*, 94 S.W.3d at 797; *see also Miranda*, 133 S.W.3d at 226-27. Here, it is undisputed that Gonzalez was not a party to the prior judgment appointing De Leon as successor trustee of the Family Trust. Thus, Gonzalez argues she had a then existing interest or right which was prejudiced by the judgment appointing De Leon as successor trustee of the Family Trust. As stated above, Gonzalez presents three separate arguments supporting her claim that she had a then existing interest or right that was prejudiced by De Leon's appointment.

### 1. *Gonzales — "Interested Person"*

Gonzalez first contends she had a then existing interest or right prejudiced by the judgment because she was an "interested person" pursuant to section 115.011 of the Texas Property Code. With regard to trust proceedings, section 115.011 explicitly limits a person's ability to bring an action related to a trust. Under section 115.011, only an "interested person" may bring an action concerning a trust proceeding. TEX. PROP. CODE. ANN. §§ 115.001, 115.011(a)–(a-1) (West 2014);

*Gamboa v. Gamboa*, 383 S.W.3d 263, 273 (Tex. App.—San Antonio 2012, no pet.). Section

111.004(7) of the Texas Property Code defines an "interested person" as:

> A trustee, beneficiary, or any other person having an interest or claim against the trust or any person who is affected by the administration of the trust. Whether a person, excluding a trustee or named beneficiary, is an interested person may vary from time to time and must be determined according to the particular purposes of and matter involved in any proceeding.

*Id.* § 111.004(7). There is very little case law interpreting the meaning of the phrase "interested

person." *Hunter v. NCNB Texas Nat'l Bank*, No. 14-94-01199-CV, 1996 WL 223584, at *2 (Tex.

App.—Houston [14th Dist.] May 2, 1996, writ denied) (not designated for publication).

Here, Gonzalez does not contend that she, in any of her various forms, was a trustee or

beneficiary of the Family Trust at the time Guerra filed suit seeking to have De Leon appointed

successor trustee,[2] or that she has an individual claim against the Family Trust. *See* TEX. PROP.

CODE. ANN. § 111.004(7). Rather, Gonzalez contends she is an "interested person" because she,

in her various forms, is affected by the administration of the Family Trust. Accordingly, we must

determine whether Gonzales — in her various forms — is "affected by the administration of the

trust" as contemplated by the statute. *See id.*; *Hunter*, 1999 WL 223584, at *3.

In the instant case, Gonzalez brought suit in the following capacities and on behalf of the

following entities:

(1)   As Co-Attorneys-in-Fact for Josefina A. Gonzalez;
(2)   As Co-Executors of the Estate of Delfina E. Alexander;
(3)   As Co-Trustees of the Exempt Trust;
(4)   As Alexander Residential Development, LP;
(5)   As Alexander Commercial Development, LP;
(6)   As Alexander Retail Development, LP;
(7)   As D & J Alexander Construction, LP;
(8)   As D & J Alexander Management, LP;

---

[2] As noted in the background, by 2010, Delfina was deceased, Josefina was incapacitated, and A.E. Puig was acting as successor trustee as a result. Thus, Gonzalez could not have been acting as trustee when Guerra filed the suit to appoint De Leon as successor trustee.

(9)     As the LLC; and

(10)    As the Delfina and Josefina Alexander Family Limited Partnership.

With respect to her status as co-attorneys-in fact and co-executors, Gonzalez did not produce any evidence as to how the co-attorneys-in-fact for Josefina or the co-executors of Delfina's estate are affected by the administration of the Family Trust, and are therefore interested persons. The only relationship the co-attorneys-in-fact and the co-executors have with the Family Trust is that they stand in the place of Josefina and Delfina, who were the original grantors of the Family Trust. Under the terms of the Family Trust, the grantors do not manage any aspects of the Family Trust and do not stand to inherit any of the trust assets. *See Lemke v. Lemke*, 929 S.W.2d 662, 664 (Tex. App.—Fort Worth 1996, writ denied) (holding settlor's wife was not "interested person" with standing to bring action concerning trust because she was not a trustee or beneficiary and did not stand to inherit any trust assets); *Hunter*, 1999 WL 223584, at *3 (concluding appellee with only expectancy to inherit trust property was not "interested person" affected by trust administration); *Davis v. Davis*, 734 S.W.2d 707, 709-10 (Tex. App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.) (holding appellant who expects to inherit has no present right to sue). Furthermore, the actions of the co-attorneys-in-fact and administration of Delfina's estate are unrelated to the administration of the Family Trust. *See Hunter*, 1999 WL 223584, at *3 (pointing out administration of guardianship estate is unrelated to challenge attacking validity of trust, and therefore, appellant not "interested party" under Texas Property Code). In other words, how the Family Trust is administered has no impact on Gonzalez's abilities to fulfill her duties as co-attorneys-in-fact or administer Delfina's estate. Accordingly, even after viewing the evidence in a light favorable to Gonzalez and indulging every reasonable inference in her favor, we conclude Gonzalez — in her capacities as co-attorneys-in-fact and co-executors — is not affected by the administration of the Family Trust. *See* TEX. PROP. CODE. ANN. § 111.004(7); *Miranda*, 133

S.W.3d at 228. Therefore, we hold Gonzalez — in those capacities — is not an interested person under the Texas Properly Code. *See* TEX. PROP. CODE. ANN. § 111.004(7).

With respect to Gonzalez's capacity as co-trustee of the Exempt Trust, Gonzalez did not produce any evidence to establish how her management of the Exempt Trust is affected by the administration of the Family Trust. The two trusts are two distinct trusts governed by their own terms and funded from different sources. The Family Trust was originally funded during the lifetime of Delfina with limited partnership interests in the Alexander Limited Partnerships, but the Exempt Trust manages property from the residue of Delfina's estate (therefore, it manages property that is not a part of the Family Trust). Neither trust relates to the other. Accordingly, after viewing all the evidence under the applicable standard, we conclude Gonzalez — in her capacity as a co-trustee of the Exempt Trust — is not affected by the administration of the Family Trust, and therefore, she is not an interested party. *See* TEX. PROP. CODE. ANN. § 111.004(7); *Miranda*, 133 S.W.3d at 228.

Similarly, Gonzalez did not produce any evidence establishing how the LLC is affected by the administration of the Family Trust. The original members of the LLC were Josefina and Delfina, and as a result of Josefina's incapacity and Delfina's death, each of them have been replaced by their co-attorneys-in-fact and co-executors, respectively. Accordingly, the management of the LLC is controlled by Zaffirini, Arredondo, and Chapa in their various capacities — not the Family Trust. As a result, the LLC is in no way affected by the Family Trust, much less its administration. *See* TEX. PROP. CODE. ANN. § 111.004(7); *Miranda*, 133 S.W.3d at 228.

Lastly, Gonzalez contends the various Alexander Limited Partnerships — Residential Development, Alexander Commercial, Alexander Retail, D & J Alexander Construction, D & J Alexander Management, Family — are affected by the administration of the Family Trust because

De Leon's "appointment [gives] him standing to participate and interfere with the operations of the Alexander [L]imited [P]artnerships as well as to engage in litigation on behalf of the partnerships." Gonzalez specifically points to De Leon's role as limited partner and ability to file the derivative action against the Alexander Limited Partnerships as support for her contention that the Alexander Limited Partnerships are affected by the administration of the Family Trust.

However, Gonzalez's fear that the Alexander Limited Partnerships are affected by the Family Trust's role as limited partner is legally unfounded. Although the Family Trust is funded with limited partnership interests, limited partners act as passive partners and do not have the right to participate in the control of the business. TEX. BUS. ORG. CODE § 153.103 (West 2014); *AHF-Arbors at Huntsville I, LLC v. Walker Cnty. Appraisal Dist.*, 410 S.W.3d 831, 843 (Tex. 2012) ("A limited partnership, by law and business convention, ordinarily consists of passive limited partners and a single, corporate general partner who manages the business of the partnership."). General partners manage limited partnerships. *See Reid Rd. Mun. Util. Dist. No. 2 v. Speedy Stop Food Stores, Ltd.*, 337 S.W.3d 846, 859 n. 6 (Tex. 2011) (citing 19 ROBERT W. HAMILTON ET AL., BUSINESS ORGANIZATIONS § 13.1 (Tex. Practice 2004)); *see also* TEX. BUS. ORG. CODE § 153.103; *AHF-Arbors*, 410 S.W.3d at 843. A review of each of the partnership agreements in this case confirms that the general partners have ultimate control of the partnerships. The partnership agreements provide that the partnerships "shall be under the exclusive control of the General Partners" who have "full and complete power to do any and all things." In this case, the LLC is the general partner of the Alexander Limited Partnerships; therefore, the LLC — not the Family Trust — manages the Alexander Limited Partnerships. *See Reid*, 337 S.W.3d at 859 n.6. Moreover, as noted above, the LLC is member-managed, and the members of the LLC are Zaffirini, Arredondo, and Chapa in their capacities as co-attorneys-in-fact and co-executors. Accordingly, Zaffirini, Arredondo, and Chapa — in their capacities as co-attorneys-in-fact and co-

executors — maintain complete management control over the LLC and thus, the Alexander Limited Partnerships. As limited partner, the Family Trust does not participate in any management decisions regarding the Alexander Partnerships in any way. *See* TEX. BUS. ORG. CODE § 153.103; *AHF-Arbors*, 410 S.W.3d at 843.

Gonzalez argues, however, that the role of the Family Trust as a limited partner empowers it with authority to make decisions that affect the partnerships. Admittedly, as a passive limited partner, the Family Trust is authorized to vote to amend the partnerships agreements or remove a general partner.[3] However, Gonzalez's contention that the Alexander Limited Partnerships are affected by the administration of the Family Trust is misplaced because it confuses two distinct concepts relevant to the Family Trust: its administration versus its role as a limited partner in the limited partnerships. The phrase "administration of a trust" refers to when a trustee manages a trust in accordance with its terms and conditions and section 113.051 of the Texas Property Code *See Faulkner v. Bost*, 137 S.W.3d 254, 259 (Tex. App.—Tyler 2004, no pet.) (discussing trust administration and standing). The management of a trust in accordance with its terms and conditions, i.e., its administration, is separate and distinct from the service of the Family Trust as a limited partner. Accordingly, although the Alexander Limited Partnerships may be affected by the actions of the limited partners — and thus the Family Trust — it does not necessarily follow that the Alexander Limited Partnerships are affected by the "administration" of the Family Trust. Accordingly, after viewing all the evidence favorable to Gonzalez as true and indulging every reasonable inference in her favor, we conclude there is no evidence to establish that the

---

[3] However, the percentage of interest required to amend or remove a general partner is unclear. The record contains copies of the original partnership agreements, which state the partnership agreements may be amended by a majority vote, and upon a vote of limited partners owning seventy-five percent, a general partner can be removed. Yet, at oral argument, both parties referenced that a ninety-five percent threshold is required to amend or terminate the partnerships agreements. Each party indicated the ninety-five percent reference was in amendments to the partnership agreements, which are not in the record.

administration of the Family Trust affects one or more of the Alexander Limited Partnerships. Accordingly, we hold Gonzalez — acting on behalf of the Alexander Partnerships — is not an interested party for purposes of section 111.004(7) of the Texas Property Code.

In sum, we hold Gonzalez, in her various forms, was not an "interested person" so as to have a then existing interest or right prejudiced by the judgment that would permit her to prosecute a bill of review as to the action appointing De Leon as successor trustee. *See* TEX. PROP. CODE. ANN. § 111.004(7); *Fernandez*, 315 S.W.3d at 502; *Rodriguez*, 94 S.W.3d at 797. Gonzalez's first argument is overruled.

### 2. *Gonzalez — "Ordered to Take Action"*

Gonzalez next contends she has standing to prosecute the bill of review because the judgment she seeks to set aside orders her to take action by delivering financial documents to De Leon. Therefore, she possessed a then existing interest or right that was prejudiced thereby. *See Fernandez*, 315 S.W.3d at 502; *Rodriguez*, 94 S.W.3d at 797. Gonzalez attempts to support her contention by pointing out the trial court's order "granting the plea in abatement confirms Gonzalez has standing because it identifies Gonzalez as being affected by the judgment appointing De Leon as successor trustee."

Gonzalez is correct that the judgment appointing De Leon as successor trustee of the Family Trust orders all individuals or entities possessing financial records related to the Family Trust assets to deliver that information to the newly-appointed successor trustee. However, Gonzalez does not cite any authority, nor have we found any, holding that a third party, who is ordered in a judgment to provide financial information regarding trust assets to a newly-appointed successor trustee, has standing for purposes of a bill of review action. Texas appellate courts have recognized, however, that persons ordered in a judgment to produce documents are not necessarily parties with standing to collaterally attack that judgment. *Cf. Grynberg v. Christiansen*, 727

S.W.2d 665, 666-67 (Tex. App. Dallas, 1987, no pet.) (holding "burdensome tasks," such as producing voluminous records at office outside country of residence does not constitute interest affected by judgment to have standing to collaterally attack judgment). We find this principle instructive.

In this present case, the Alexander Limited Partnership's only interest are their interests in avoiding the inconvenience of producing financial information relevant to the trust assets. *See id.* A witness who is merely inconvenienced by an order to produce documents is not the type of interested person affected by the administration of a trust as contemplated by the statute. *See id.* Accordingly, although Gonzalez may have been ordered in the 2012 judgment to produce financial documents, we conclude it does not necessarily follow she was thereby endowed with a then existing right or interest that was prejudiced by said judgment. *See id.* Accordingly, we reject this portion of Gonzalez's standing argument.

### 3. *Gonzalez — "Confusion Between Standing and Underlying Merits"*

As to Gonzalez's third argument relating to her contention that she had a then existing interest or right prejudiced by the judgment, she argues the trial court confused the standing issue with the merits of the case. In her brief, Gonzalez does not make a separate argument for this contention. Rather, she merely reiterates her contention that she had a then existing right or interest prejudiced by the judgment because the operations of the Alexander Limited Partnerships are affected by De Leon's appointment. However, as explained above, the Family Trust is a limited partner of the Alexander Limited Partnerships with no right to participate in the management of the business. *See* TEX. BUS. ORG. CODE § 153.103; *AHF-Arbors*, 410 S.W.3d at 843. The general partner of the Alexander Limited Partnerships is the LLC, and thus, the LLC holds complete management over the Alexander Limited Partnerships. *See Reid*, 337 S.W.3d at 859 n.6. The LLC is managed by Zaffirini, Arredondo, and Chapa in their various capacities, and accordingly,

the operations of the Alexander Limited Partnerships are controlled by Zaffirini, Arredondo, and Chapa – not the Family Trust. *See Reid*, 337 S.W.3d at 859 n.6. Therefore, the operations of the Alexander Limited Partnerships are not affected by the administration of the Family Trust. *See* TEX. BUS. ORG. CODE § 153.103; *AHF-Arbors*, 410 S.W.3d at 843; *Reid*, 337 S.W.3d at 859 n.6. Accordingly, we reject Gonzalez's third argument.

### 4. *De Leon — "Void Judgment"*

Finally, in addition to the foregoing, Gonzalez also argues the trial court erred in granting the plea to the jurisdiction and dismissing her bill of review action because *De Leon* "lacks standing because the judgment appointing him as successor trustee is void." According to Gonzalez, the adult beneficiary's interest in appointing De Leon as successor trustee conflicted with the minor beneficiaries' interests, and therefore, an attorney ad litem should have been appointed to represent the interests of the minor beneficiaries. According to Gonzalez, because the trial court did not appoint one or more attorneys ad litem to represent the minor beneficiaries' interests, the judgment appointing De Leon as successor trustee is void. This argument, however, is not a challenge to De Leon's standing to file the plea to the jurisdiction, and even if correct would not render the judgment void. Rather, Gonzalez's argument challenges De Leon's qualification to serve as successor trustee, ultimately attacking the underlying judgment appointing De Leon as successor trustee as it, in essence, explains why the judgment should be set aside. However, on appeal, the only issue before this court is whether the trial court erred in granting the plea to the jurisdiction based on Gonzalez's alleged lack of standing to prosecute the bill of review. We cannot address the underlying merits of Gonzalez's complaint. *See Rodriguez*, 94 S.W.3d at 798 ("In reaching our holding, we do not address the merits of Emerald's complaint . . . . We simply hold that Emerald had standing to bring the bill of review, and the trial court had jurisdiction to consider the bill of review on its merits."). Accordingly, we overrule Gonzalez's final argument.

*Summary — Standing*

Based on the foregoing, we hold Gonzalez lacked standing as a matter of law to prosecute her bill of review. There are no jurisdictional facts showing Gonzalez was a party to the prior judgment or that she had a then existing interest or right prejudiced by the judgment appointing De Leon as successor trustee of the Family Trust. *See Fernandez*, 315 S.W.3d at 502; *Rodriguez*, 94 S.W.3d at 797. As a result, we hold the trial court did not err in granting De Leon's and Guerra's plea to the jurisdiction on the basis that Gonzalez lacked standing to present it.

### *Plea in Abatement*

Finally, in her last issue, Gonzalez challenges the trial court's order granting Guerra's plea in abatement. As indicated above, Gonzalez filed a bill of review, seeking to set aside the 2012 judgment, which appointed De Leon as trustee. She also sought the appointment of a new trustee and demanded an accounting. In response, Guerra filed a plea in abatement, in which she claims two of the three issues — the request for the appointment of a new trustee and the demand for an accounting — are "brand new claims that are not part of the Bill of Review Claims." However, after reviewing Gonzalez's bill of review, we disagree with Guerra.

As set out in her bill of review, all of Gonzalez's claims are attacks on the 2012 judgment. As discussed above, a bill of review is an action brought by a party who is seeking to set aside a judgment that is no longer appealable. *See Rodriguez*, 94 S.W.3d at 797 (citing *Wembley Inv. Co.*, 11 S.W.3d at 926-27). Gonzalez filed nothing more than a bill of review. We shall not construe Gonzalez's bill of review as anything other than what it purports to be, nor shall we construe it as an attempt to bring new claims. Accordingly, given that we conclude all of Gonzalez's claims, as presented, are part of her bill of review and we have determined the trial court was correct in finding Gonzalez had no standing with regard to the bill, we hold the trial court had no jurisdiction

to grant the plea in abatement. Thus, we hold the trial court's order granting Guerra's plea in abatement is void and must be vacated.

## CONCLUSION

Based on the foregoing, we affirm the trial court's order granting De Leon's and Guerra's plea to the jurisdiction, but vacate the trial court's order granting Guerra's plea in abatement.

Marialyn Barnard, Justice